EDWARD HAUGER *et al.*

*v.*

HENRY H. GAGE *et al.*

*Opinion filed November 1, 1897.*

1. LIMITATIONS—*limitation of writs of error to five years cannot be set up by motion.*  The statutory limitation of five years after entry of decrée or judgment for prosecuting writs of error cannot be set up by motion, but must be pleaded, so the plaintiff in error may reply, showing, if he can, that he is within some saving clause of the statute.

2. APPEALS AND ERRORS—*on writ of error the record must speak for itself.*  A court reviewing proceedings of a lower court upon writ of error must reverse or affirm upon examination of the record, which speaks for itself, and cannot hear extrinsic evidence to determine whether the party seeking reversal has been aggrieved.

3. NAMES—*a decree against "Hanger" cannot bind a party named "Hauger."*  A decree against parties named therein as "Hanger" cannot be reviewed on a writ of error sued out by parties named "Hauger," since the names are not *idem sonans,* and the decree could have no binding force or effect upon the plaintiffs in error.

4. PRACTICE—*proper practice where improper party prosecutes writ of error.*  Correct practice would require a defendant in error to move to dismiss the writ, where it is sued out by one not named as a party in the decree below, but the court of review may dismiss the writ upon submission of the case on the merits, without motion.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

J. KENT GREEN, and SOL LEVISOHN, for plaintiffs in error.

GAGE & DEMING, and RUDOLPH D. HUSZAGH, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On December 12, 1890, defendant in error Henry H. Gage filed a bill in chancery in the Superior Court of Cook county, against Edward Hanger and Lena Hanger,

with others, as two of the children and heirs-at-law of Christina Hanger, to establish his title to certain real estate in Cook county. On the hearing of the cause a decree was entered in his favor, to reverse which this writ of error is prosecuted.

Defendants in error have entered a motion to quash the writ and dismiss the suit upon the ground that more than five years elapsed between the date of the decree and the suing out of the writ of error. An affidavit is filed in support of the motion, stating that the final decree was rendered April 9, 1891, and the writ sued out August 31, 1896. Against the motion it is suggested that plaintiffs in error were, as shown by the record, minors at the rendition of the decree, and it is said one of them has but recently attained her majority, the other being still an infant. Without reference to these counter suggestions, the statute limiting the right to sue out writs of error to the period of five years after the entry of a decree or judgment cannot be set up by mere motion, but must be pleaded, so that the plaintiff in error may, if he can, by way of replication, show that he is within a saving clause of the statute. (*Burnap* v. *Wight*, 14 Ill. 303.) The motion to dismiss on this ground is overruled.

The record brought up on this writ is in an action by Henry Gage against Landolin *Hanger* and others, the names of these plaintiffs in error as *Hauger* nowhere appearing in any of the proceedings. Defendants in error insist that the correct names of the parties are therein set forth; that the decree sought to be reversed is not in a suit against Frank and Lena Hauger, and by that name it in no way affects their rights, and they have therefore no authority to prosecute this writ of error. Plaintiffs in error contend that they not only have the right to sue out the writ in the name of Hauger, but that they can assign as error the failure of the complainant below to make them parties to the suit and notify them of its pendency by that name. Both parties agree that the

name Hauger and Hanger are entirely different and distinct, and in no sense *idem sonans.* It is true that when written with a pen or pencil they are so similar in appearance as to render it impossible, generally, to determine which was intended, and it is only from the printed abstract that we can definitely determine the name used in the court below. But, as we have said, any difficulty which might arise from that fact is obviated by the parties themselves agreeing that the name Hauger was not used in the proceedings below. So far as the question is raised by any pleading upon this writ, John Smith would have as much right to sue out this writ as has Frank Hauger and Lena Hug, *nee* Lena Hauger. The general rule is that writs of error must be sued out in the name of parties to the action below. "No person can bring a writ of error to reverse a judgment who was not a party or privy to the record or prejudiced by the judgment, and therefore to receive advantage by the reversal of it." (Tidd's Prac. title "Error," 1189.) "Whether the plaintiff in error be a party or privy, or is aggrieved by the judgment, must appear by the record. A court for the correction of errors cannot, at common law, hear evidence to determine whether a party seeking a reversal is aggrieved by the judgment. Its mission is to examine the record upon which judgment was given, and upon such examination to reverse or affirm." *Townsend* v. *Davis*, 1 Ga. 495, and authorities cited. To the same effect are *Smith* v. *Gerlach*, 2 Tex. 424, and *Black* v. *Kergan*, 3 Green, (N. J.) 395.

It must be conceded that our review of causes brought before us by appeal or writ of error is confined to an examination of the record alone, and no reversal can be ordered upon facts imported into the record for the purpose of disclosing error. Hence, in this case it is too clear for argument that plaintiffs in error cannot, by suing out the writ in the name of Hauger, urge that the court below erred in taking jurisdiction of the cause upon publication of notice to parties by the name of Hanger. The suit is

against parties by the same name in which the notice was given, and hence no error in that regard appears upon the face of the record.

But the principal question upon this branch of the cause is, can the plaintiffs in error maintain this writ? They insist, and the defendants in error concede, that the decree below is a nullity against Frank Hauger and Lena Hug, for the reason that they are in no way parties thereto. Suppose we should reverse that decree; in what better condition will plaintiffs in error then be than they are without the reversal? It seems to be admitted,—at least there is no room for controversy as to the fact,— that looking through this record from beginning to end there is nothing to disclose that Frank Hauger or Lena Hauger are parties, privies or in any way unjustly affected by the decree. The correct practice would have been for defendants in error to enter a formal motion to dismiss the writ on this ground; but the court may properly enter that order upon the argument made on the merits of the case. We cannot be required, upon the state of the record indicated, to go through the idle ceremony of passing upon the errors assigned.

It is disclosed by the argument that an action is already pending between these parties for a partition of the premises in controversy, Frank Hauger and Lena Hug appearing as complainants, upon the theory that this decree has no binding force or effect upon them, as it certainly has not if their real name is Hauger and not Hanger.

The writ of error will be dismissed at the cost of the plaintiffs in error.          *Writ of error dismissed.*