## City of Chicago v. Ellen E. Boston.

### Gen. No. 11,378.

1.  Streets—*obligations of municipality with respect to safe condition of.* A municipality is not bound to provide against every possible danger or accident that may occur; it is not an insurer against accidents, but is only required to exercise reasonable care to keep its streets in a reasonably safe condition.

2.  Street—*when municipality not liable for injuries resulting upon.* A municipality is not liable for one who, without negligence, is injured while stepping over a gutter eight inches wide, to a sidewalk four inches higher than the roadway, notwithstanding the roadway had not been paved, and the gutter was at the time of more than the usual depth, where neither of such facts contributed to the injury complained of.

City of Chicago v. Boston.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed. Opinion filed December 16, 1904.

Statement by the Court. Appellee, in crossing a public street of Chicago, stepped with her right foot on the top of a stone placed at the outer edge of the roadway, and then stepped with her left foot upon the curbstone at the outer edge of the sidewalk. Her left foot slipped, and she fell between the two stones and received injuries for which she recovered a judgment for $2,250 in an action on the case in the Superior Court, to reverse which this appeal is prosecuted. The upright stones placed at the outer edge of the roadway, form what is called the gutter curb, flange or header. The space between the gutter curb or header and the sidewalk curb was eight inches wide and nineteen inches deep, and the top of the sidewalk curb was four inches above the top of the gutter curb. The gutter curb was set some weeks before the accident to serve as the outer edge of the brick pavement of the roadway, but at the time of the accident the street paving had not been completed, and the top of the gutter curb was some inches higher than the surface of the roadway.

The declaration charged that the defendant negligently, etc., left the street at the place where, etc., in a defective and unsafe condition by leaving a space a foot and a half wide and two feet deep between the sidewalk curb and the gutter curb or header, into which plaintiff unavoidably slipped and fell, etc.

JOHN F. SMULSKI, City Attorney, for appellant; ROBERT S. COOK, of counsel.

DANIEL MCCASKELL, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

But two things remained to be done at the time of the accident to complete the paving of the street at the crossing

in question. One was to pave the roadway, the other to place in the bottom of the gutter between the gutter curb and the sidewalk curb, eleven inches of concrete and brick. Neither the failure to pave the roadway nor the failure to partially fill the gutter with brick and concrete caused, or in any way contributed to, the fall of the plaintiff. The top of the gutter curb upon which her right foot stood afforded a firm and secure footing. The top of the sidewalk curb, upon which she sought to place her left foot, was but eight inches away from, and four inches above the stone on which her right foot stood. Plaintiff testified in chief to her fall as follows :

"I stepped up onto the first one, (the gutter curb) and when I put my foot over to the other one, it slipped back so quickly and went down between these two stones, and of course that threw me.    *    *    *

Q. Then what was it that made your foot slip, do you know? A. I don't know of anything without it was slippery mud on my shoe; that is all I could account for. Something was slippery, of course, there on the stone or on my shoe."

On cross-examination she testified that she stepped from the flange stone to the curb stone, and she was then asked :

"Q. What was the distance between the flange stone and the curb stone? A. Well, I don't know that, but it was quite a step, so that when I stepped over, I guess there was something slippery, and my foot slipped off and went between the stones.

Q. And then when you put your left foot onto the curb stone, your left foot slipped? A. Yes, sir.

Q. And went into the gutter? A. Yes, sir."

As has been often said by the Supreme Court and by this court, the city is not bound to provide against every possible damage or accident that may occur. It is not an insurer against accidents, but is only required to exercise reasonable care to keep its streets in a reasonably safe condition.

City of Chicago v. Boston.

Gutters at the sides of the paved streets of a city are necessary to carry the drainage of the streets to catch-basins placed in the gutters. The evidence in this case shows that the gutter in question was constructed according to the approved plan and mode of construction in use in Chicago at the time. Gutters with perpendicular sides, one the gutter curb, the other the sidewalk curb, placed eight inches and in many cases more than eight inches apart, with the sidewalk curb from four to eight inches higher than the gutter curb, are found in hundreds of the paved streets of Chicago, in the business, as well as in the residence districts of the city.

If the city is liable in this case, then it is liable to every one who, without negligence, shall slip, fall and be injured in stepping from the roadway of a street, over a gutter eight inches wide, to a sidewalk four inches higher than the roadway, for, as we have seen in this case, neither the fact that the roadway had not been paved, nor that the gutter was at the time of more than the usual depth, caused or contributed to the fall of the plaintiff. From a gutter only eight inches wide, with the sidewalk curb on one side of it only four inches higher than the gutter curb on the other side of it, danger to one passing from the roadway over the gutter to the sidewalk is not in common experience to be anticipated, and the city can only be found guilty of negligence when the defect in a street is such that a reasonably prudent man should anticipate some danger to persons passing over it. In our opinion the street in question was not unsafe or defective, but was reasonably safe, and the defendant, the city of Chicago, was not guilty of any negligence in respect thereto.

The judgment of the Superior Court will be reversed with a finding of fact.

*Reversed.*

Mr. Justice Smith did not take part in the decision of this case.