### People, for the use of Davis Paint & Wall Paper Company, v. Lou G. Sterne, executrix.

#### Gen. No. 11,273.

1. ERROR—*when cannot be reviewed.* Alleged errors cannot be reviewed which have not been assigned by either party.

2. WRIT OF ERROR—*when dismissed.* A writ of error will be dismissed upon the court's own motion where the party assigning errors does not appear as one of the parties to the cause as shown by the transcript filed.

Action of trespass. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Dismissed. Opinion filed April 5, 1905.

**Statement by the Court.** June 2, 1899, Davis Paint & Wall Paper Company brought an action of trespass in the Superior Court against Henry Stern and John F. Beseler. To a declaration in trespass defendants filed pleas. January 30, 1900, on motion of plaintiff the court ordered that the form of action be changed to debt; that Peter Caldwell and George M. Sterne be made defendants; that the suit be discontinued as to defendant Henry Stern; that plaintiff have leave to

file an amended declaration instanter and that summons issue for Caldwell and George M. Sterne. The order did not include any leave to make a new plaintiff, but the amended declaration filed the day the order was made was in the name of The People of the State of Illinois for the use of Davis Paint & Wall Paper Company, plaintiff, and the summons corresponded with the amended declaration. Beseler filed pleas to the amended declaration and March 30, 1900, other pleas were filed to it beginning as follows: "And the defendants Peter Caldwell and M. Sterne, by, etc., come and defend," etc. The names of the defendants in the body of the pleas were the same as in the introductory part. May 5, 1900, the last day of the April term of the court, the above pleas with the plea of Beseler to the amended declaration remaining on file, on motion of the plaintiff an order beginning as follows was entered in the record of the court: "Davis Paint & Wall Paper Company v. John F. Beseler, Peter Caldwell and George M. Sterne." Then followed the default of George M. Sterne for failure to appear and a final judgment against him for $10,000 debt and $1,000 damages and costs. May 12, an order was made that the suit be discontinued as to defendants Beseler and Caldwell. No motion was made by George M. Sterne at the April term to set aside the default and judgment but at the May term an order was made that the default and judgment be set aside and that Sterne have leave to file an amended plea.

November 22, 1900, an order was made that the suit be dismissed for want of prosecution with a judgment against the plaintiff for costs. The name of the plaintiff in the title of every order contained in the transcript of the record filed in this cause is "Davis Paint & Wall Paper Company." The certificate of the clerk is that the transcript filed in this cause is a complete copy of the record "in a certain cause lately pending in said court, on the law side thereof, wherein Davis Paint & Wall Paper Company was plaintiff and George M. Sterne et al., defendants."

No writ of error was actually sued out in the cause, but

the title of the cause in the assignment of errors is "People of the State of Illinois for use of Davis Paint & Wall Paper Company, plaintiff in error, v. Lou G. Sterne, executrix, etc., of George M. Sterne, defendant in error," and the assignments of error begin as follows: "And now comes People of the State of Illinois for the use of Davis Paint & Wall Paper Company, plaintiff in error," etc.

A. G. DICUS, for plaintiff in error.

F. A. BINGHAM, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Defendant in error urges that the Superior Court erred in entering final judgment against defendant in error, first, because the plea of "M. Sterne" must be held to be the plea of "George M. Sterne," and second, because pleas of the other defendants Beseler and Caldwell were on file when the judgment was entered. But she has filed no cross-errors and we cannot pass upon an error which has not been assigned by either party. Page v. The People, 99 Ill. 418-424; People v. Brislin, 80 Ill. 423.

Nor can we upon the transcript before us pass upon the errors assigned by the plaintiff in error. The transcript is certified to be a copy of the record of a cause lately pending in said court "wherein Davis Paint & Wall Paper Company was plaintiff and George M. Sterne et al., defendants." Upon this transcript the present plaintiff in error, "The People of the State of Illinois," cannot assign error. The correct practice would have been for the defendant in error to enter a formal motion to dismiss the writ of error; but the court may properly enter that order upon the argument made on the merits of the case. Hauger v. Gage, 168 Ill. 365.

The writ of error will be dismissed at the costs of the plaintiff in error.

*Writ of error dismissed.*