### Annie Ryan, Plaintiff in Error, v. Supreme Council Catholic Knights of America.

#### Gen. No. 14,694.

1. STATUTE OF LIMITATIONS—*effect of three-year period for writs of error.* This statute should not be so construed as to affect vested rights; it does not apply to judgments rendered before it became a law.

2. APPEALS AND ERRORS—*what confession of errors.* If the plea of the Statute of Limitations is filed to a writ of error the effect is to confess errors assigned; the plea being denied, the judgment must be reversed.

Assumpsit. Error to the Superior Court of Cook county; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed January 12, 1909. Rehearing denied January 26, 1909.

JOHN C. KING and JAMES D. POWER, for plaintiff in error.

MATTHEW J. HUSS, for defendant in error; JOHN J. HEALY, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judg-

ment of the Superior Court of Cook county rendered May 22, 1903. The writ was sued out and the record was filed May 6, 1908. The defendant in error filed a plea of a statute of limitations, averring the date of the judgment, the date of suing out this writ of error May 6, 1908; and that this action was not commenced by the plaintiff in error within three years next after the rendition of the judgment complained of as by the statute is provided.

To this plea the plaintiff in error demurs, and the cause comes before the court for disposition upon the demurrer.

At the time of the rendition of the judgment shown in the record plaintiff in error had the right to have the same reviewed by this court on a writ of error at any time within five years thereafter. The new practice act invoked by defendant in error in its plea as a bar to this proceeding (Section 117, page 466 of the Laws of Illinois 1907, in effect July 1, 1907) provides:

"A writ of error shall not be brought after the expiration of three years from the rendition of the decree or judgment complained of."

If this act which went into effect more than four years after the judgment was rendered applies to this proceeding, the effect is not merely to abridge the period within which plaintiff in error might exercise her right to commence this proceeding, but it results in a total destruction of the right itself, which was a vested right at the time the statute relied upon in the plea went into effect. In our opinion the statute should be so construed as not to destroy vested rights.

In Board of Education v. Blodgett, 155 Ill., 441, it is held at page 447 of the report: "In almost all of the States of the Union in which the question has arisen, it has been held that the right to set up the bar of a statute of limitations as a defense to a cause of action, after the statute has run, is a vested right, and cannot be taken away by legislature, either by a repeal of the statute without saving clause or by an

386 APPELLATE COURTS OF ILLINOIS.

Ryan v. Supreme Council Catholic Knights of America, 146 App. 384.

affirmative act, and that it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages for a tort.'' And in the same case at pages 449 and 450, the court, quoting from the dissenting opinion of Justice Bradley in Campbell v. Holt, 115 U. S. 620, say: ''Now, an exemption from a demand or an immunity from prosecution in a suit is as valuable to the one party as the right to the demand or to prosecute the suit is to the other. The two things are correlative, and to say that the one is protected by constitutional guaranties and that the other is not, seems to me almost an absurdity. One right is as valuable as the other. * * * It is true that a man may plead the statute when he justly owes the debt for which he is sued; and this has led the courts to adopt strict rules of pleading and proof to be observed when the defense of the statute is interposed. But it is, nevertheless, a right given by a just and politic law, and when vested, is as much to be protected as any other right that a man has. The fact that this defense pertains to the remedy does not alter the case. Remedies are the life of rights, and are equally protected by the constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away.''

The right to prosecute this writ of error was a vested right, and could not be destroyed by the Act of 1907, even though it appeared from the terms of the act that it was the intention of the legislature that it was to affect past transactions. ''A retrospective effect will not be given to it, unless it clearly appears that such was the intention of the legislature, especially where it tends to produce injustice or inconvenience. Such an intention must be manifested by clear and unequivocal expressions. If it is left doubtful what was the real design, the statute must be so construed as to have a prospective effect only.''

Thompson v. Alexander, 11 Ill. 54, and cases there cited. There is nothing on the face of the Act of 1907 which indicates that it is to have a retroactive effect, and in our opinion it applies to causes of action arising after it went into effect.

We also find warrant for this construction of the Act of 1907, in section 4 of chapter 131, Revised Statutes, which reads as follows:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to * * * or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. * * * This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act."

Giving the statute this construction, the plea is bad, and the demurrer must be sustained.

"The effect of the plea is to confess the errors assigned." Mahony v. Mahony, 139 Ill. 14; Beardsley v. Smith, 139 id. 290; Page v. The People, 99 id. 418, 425. A judgment of reversal must be entered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*