## Ida Karolinsky, Plaintiff in Error, v. City of Chicago, De= fendant in Error.

## Gen. No. 15,754.

1.  WRITS OF ERROR—*how statute of limitations must be relied upon.*  In order to urge a failure to sue out a writ of error within the period fixed by the statute, a plea setting up such defense should be filed.

2.  WRITS OF ERROR—*amendment of statute of limitations not retro-active.*  The amendment of 1907, which reduced the period of time in which writs of error must be sued out, is not retroactive and does not apply to judgments rendered before its passage.

3.  CONTRIBUTORY NEGLIGENCE—*what does not affect question of.*  The fact that the plaintiff claimed that her attention was distracted in the use of a driveway with which she was familiar by a man of whom she was afraid, is not material on the question of contributory negligence.

4.  TRIAL—*when remarks of court will not reverse.*  A remark made to a witness after he had indicated a certain lack of knowledge, as follows, ''Then you cannot be heard to say much of anything,'' is not harmful where it was not made to appear that the statement of the court was contrary to the fact.

5.  INSTRUCTIONS—*defendant's theory should be presented.*  The defendant's theory of a case should be presented by instructions, and instructions which do this and nothing more are proper.

6. Negligence—*failure to construct sidewalk according to ordinance.* A city is not necessarily liable for failure to construct a sidewalk in strict conformity to an ordinance.

7. Negligence—*what not required of city in construction of sidewalks.* It is not incumbent on the city to establish sidewalks and crossings of such a character as to present a smooth, even surface for foot passengers throughout the city.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. Henry B. Willis, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

John C. King and James D. Power, for plaintiff in error.

Edward J. Brundage, John R. Caverly and R. R. Baldwin, for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

Suit was brought by the plaintiff in error for injuries alleged to have been sustained by her on March 8, 1900, by reason of the alleged negligence of the defendant in error in permitting a certain driveway to be improperly constructed from the curb into the premises adjoining a sidewalk over which the city had control, which driveway is alleged to have been lower than the sidewalk, making a drop from the sidewalk to the driveway of about one foot in depth.

The declaration is in two counts and has the usual averments as to the lack of negligence on the part of the plaintiff, etc., the second count being based on the ordinance of the city hereinafter referred to.

There was a trial before the court and a jury, which resulted in a verdict for the defendant, together with a special finding of the jury to the effect that the plaintiff was not in the exercise of due care for her own safety at the time she fell. Judgment was rendered upon the verdict on July 26, 1904, and a writ of error was sued out of this court on June 19, 1909. In 1907 the limita-

tion of the time within which a writ of error may be sued out was changed by the Legislature to three years from the rendition of the decree or judgment complained of, the limitation formerly being five years. It will be noticed that in the present case the writ was not sued out within three years, and a motion had been made by the defendant in error to dismiss it on that ground. This motion must be denied for two reasons: first, the question can only be raised by a plea (Burnap v. Wight, 14 Ill. 303; Hauger v. Gage, 168 Ill. 365); and second, the amended statute does not apply to judgments rendered before it became the law (Ryan v. Supreme Council Catholic Knights of America, 146 Ill. App. 384).

Three grounds are urged for a reversal of the judgment, to-wit: that the court erred in the exclusion of evidence; that the court erred in its instructions; that the verdict is contrary to the weight of the evidence. It is admitted that the plaintiff in error had knowledge of the existence of the driveway in question, but it is claimed that she was not thinking of it at the time of the accident, and by reason of the darkness was prevented from seeing it. It also appears that at the time her attention was attracted to two men who were on the opposite side of the driveway. She testified that when she ''looked at the man'' she was afraid of him. This statement on motion of defendant was stricken out over the objection of the plaintiff in error. We do not agree with the plaintiff in error in her contention that this was erroneous, but even if it be admitted that the court erred in striking out the testimony we think that the error was a harmless one because, in our opinion, no judgment for the plaintiff in error could be sustained upon the facts as they appear in the record in this case. Herman Weingarten, a witness on behalf of the plaintiff, was asked if he knew what the condition of the sidewalk was at the time of the accident. He replied that he did not know. The

court remarked: "Then you cannot be heard to say much of anything," and there was an exception by the plaintiff. Proper foundation was not laid for the exception. In our opinion to preserve the point evidently attempted to be made by the plaintiff in error other questions should have been asked by her counsel and rulings by the court had thereon. The mere exception by the plaintiff to the remark of the court that the witness could not be heard to say much of anything, presents no ground for the reversal of the judgment by us.

At the request of the defendant in error the following instruction was given:

"The jury are instructed that if you believe from the evidence that the plaintiff's alleged injury was caused by the slippery condition of the sidewalk occasioned by ice or snow, and if you further believe from the evidence that the ice or snow, if such there was, was not accumulated so as to cause an obstruction to travel, then you should find the defendant not guilty."

This instruction is alleged to be erroneous because it assumes the existence of "the slippery condition of the sidewalk occasioned by ice or snow." The contention of the city was that the slippery condition of the sidewalk was what caused the plaintiff to fall. The city therefore had the right to request the instruction and the court properly gave it, basing it upon the theory of the defendant.

The evidence tended to show that there was a depression in the sidewalk, and it is claimed that this depression was contrary to the ordinance of the city of Chicago, which provides: "Sidewalks shall be constructed so as to incline upwards from the outer edge of the sidewalk towards the buildings or boundary of the lot at a gradient of one inch in every three feet." In our opinion the city cannot be held to damages in all cases of personal injury where persons are injured

upon sidewalks which are not constructed in strict conformity with this ordinance.    In the case of the City of Chicago v. Boston, 117 Ill. App. 430, Mr. Presiding Justice Baker, speaking for the court, says:

"If the city is liable in this case, then it is liable to every one who, without negligence, shall slip, fall and be injured in stepping from a roadway of a street, over a gutter eight inches wide, to a sidewalk four inches higher than the roadway, for, as we have seen in this case, neither the fact that the roadway had not been paved, nor that the gutter was at the time of more than the usual depth, caused or contributed to the fall of the plaintiff.    From a gutter only eight inches wide, with the sidewalk curb on one side of it only four inches higher than the gutter curb on the other side of it, danger to one passing from the roadway over the gutter to the sidewalk is not in common experience to be anticipated, and the city can only be found guilty of negligence when the defect in a street is such that a reasonably prudent man should anticipate some danger to persons passing over it."

We agree with counsel for defendant that it is not incumbent on the city to establish sidewalks and crossings of such a character as to present a smooth, even surface for foot passengers throughout the city.    We think that the construction of the sidewalk and driveway, as shown by the record in this case, was not of such a character as to subject the city to the charge of negligence.    That appears to have been the view of the jury and the court before whom the case was tried, although the jury by its special verdict also found that the plaintiff herself was guilty of negligence.

*Affirmed.*