Eugene Thomas Calhoun, Appellee, v.
Grace Hill Corning, Appellant.

Gen. No. 43,507.

Opinion filed
April 24, 1946. Rehearing denied May 10, 1946. Released for publication May 10, 1946.

HUBBARD, BAKER & RICE, of Chicago, for appellant;
ALVIN GLEN HUBBARD, of Chicago, of counsel.

R. N. WYCKOFF and LEO M. TARPEY, both of Chicago,
for appellee; JOHN B. KING, of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion
of the court.

This is a personal injury action arising out of plaintiff's fall upon an icy sidewalk in front of 301–305
West Lake Street in Oak Park, Illinois. The jury
found the Village of Oak Park not guilty and gave

verdict against Grace Hill Corning owner of those premises for $10,000. Judgment was entered on the verdict and Grace Hill Corning has appealed.

Plaintiff was walking west on the south sidewalk of Lake Street on February 12, 1943, about 7 p. m. The sidewalk was covered with ice and snow to a depth of three inches or so. This condition had existed for about 3 weeks. The night of the accident was dark and foggy. Plaintiff passed the east driveway leading from Lake Street into the premises. He slipped, but did not fall. When he was crossing the west driveway, he slipped, fell and was badly injured. There is no contention made that the injury was not serious or that the verdict is excessive.

There is no question before us on the case against the Village. There is no cross-appeal.

Plaintiff alleged his due care as a pedestrian; Grace Hill Corning's ownership, possession and control of the premises abutting the sidewalk where he was injured; the existence of an ordinance at the time which required her "at all times" to keep the driveway "free and clear" of ice and snow and remove accumulated snow therefrom; her duty to him by virtue of the ordinance and her violation of the duty; that she had notice of the condition of the sidewalk and driveway; and that as a direct consequence "of the foregoing acts and omissions" and as a direct result of the condition of the walk and driveway, plaintiff was injured. He described the driveway in the complaint as having a dangerous pitch and slope and that part of it was elevated several inches above the regular sidewalk level.

Grace Hill Corning, whom we shall hereinafter refer to as the defendant, contends the ice and snow were the result of natural causes and that plaintiff cannot recover; that the Village Ordinance is unconstitutional and void; that if valid, it conferred no cause of action upon plaintiff; and that, in any event, any

action against her would be derivative and, since the Village has been found not guilty, she cannot be found guilty.

The driveway had been constructed before defendant purchased the property in 1940. It had not been altered since she became owner. The sidewalk, across which the driveway was built, was 6 feet wide. The length of the driveway from the building line to the curb was 14 feet, 3 inches. The driveway was 10 feet wide. It sloped upward from the curb to the building and, across the sidewalk, was higher than the sidewalk level. The highest point of elevation was 8 inches at the building line. The sidewalk sloped to and from the driveway on either side. These slopes measured five feet to sidewalk level. All of these sloped surfaces are corrugated.

The parties agree that the property owner is not liable where the snow and icy condition has been general in the neighborhood and was not aggravated or caused in some way by the owner, but is the result of natural causes. *Kelly v. Huyvaert,* 323 Ill. App. 643. Plaintiff says, however, that his case comes within the exception, that is, that the condition here was caused by defendant inasmuch as the driveway was of dangerous construction and, when covered with ice and snow, was a trap. He does not contend that defendant had the duty generally to clean snow and ice from the driveway, but that here because of the dangerous driveway she maintained she had the duty. In *Graham v. City of Chicago,* 346 Ill. 638, the City was held liable where it neglected to remove ice which resulted from its flooding of a skating pond. In *King v. Swanson,* 216 Ill. App. 294, the owner was held liable where his conduct made the adjoining sidewalk more slippery than the general condition in the neighborhood.

The parties agree that a driveway is not a defect *per se. Storen v. City of Chicago,* 373 Ill. 530.

Plaintiff says defendant was negligent in constructing and maintaining the driveway 8 inches above the sidewalk level with its dangerous slopes. Defendant admits that an abutting owner is liable where responsible for a dangerous condition or where he creates a nuisance.

It is plain that plaintiff seeks to avoid the rule which would exempt the City as well as defendant here from responsibility for accidents resulting from a general, natural condition of ice and snow. He contends the construction and maintenance of a dangerous driveway and the snow and ice conjoin to remove this case from the rule. The general condition of ice and snow covered perfect and faulty construction alike. If the driveway was faultily constructed or maintained so as to create a dangerous condition, it is for that reason that defendant would be liable, not because of the snowy and icy condition. If plaintiff is to recover here, it must be on the ground that defendant maintained, since she did not construct, a driveway which created a dangerous condition. There is no contention that any wrongful conduct of hers caused the ice and snow to accumulate on the driveway.

We believe the question of ice and snow is out of the case. Assuming, but not deciding, the Village Ordinance was valid, it conferred no cause of action upon plaintiff nor did it add to any he had. We think a liberal construction of plaintiff's complaint shows the statement of a cause of action aside from the ordinance. It is possible that defendant could be guilty under such a statement and the Village not guilty. *McDaneld v. Logi,* 143 Ill. 487.

When the accident occurred plaintiff had already traversed the incline to the driveway. He slipped and fell on the driveway proper. The question is whether it was of such faulty construction as to render defendant liable for injuries suffered by plaintiff as a result of falling thereon.

We have said that the driveway at the building line was 8 inches above the sidewalk level. It sloped north 14 feet 8 inches to the curb. Plaintiff was walking about 2 feet north of the building. At the point where he slipped, therefore, he was somewhat less than 8 inches above the sidewalk level. There was no further evidence of faulty construction. Under the circumstances we believe that all reasonable men could come to but one conclusion and that is that defendant should not be liable. We think the following cases support this conclusion. *Burns v. City of Pittsburg*, 320 Pa. 92; *Heaney v. Colonial Filling Stations, Inc.*, 262 Mass. 338, 159 N. E. Rep. 916; *Karolinsky v. City of Chicago*, 163 Ill. App. 33.

The judgment of the Superior Court is accordingly reversed and the cause is remanded with directions to the trial court to enter judgment for defendant's costs.

*Judgment reversed and cause remanded with directions.*

LEWE and BURKE, JJ., concur.