Ruth Anderson, Plaintiff-Appellant, v. Davis Development Corp., an Illinois Corporation, Defendant-Appellee.

Gen. No. 67–97.

Third District.

September 18, 1968.

Herbert M. Spector and Peter Denger, of Rock Island, for appellant.

John V. Patton, of Moline, for appellee.

ALLOY, P. J.

Plaintiff Ruth Anderson, as shown by the complaint in this cause, was injured in a fall on ice on a parking lot of a shopping center owned by Davis Development Corp., defendant. Plaintiff filed a complaint for damages which was dismissed upon motion and leave granted to plaintiff to amend. An amended complaint was filed and it was likewise dismissed on motion. Plaintiff thereupon appealed to this Court and on appeal asserts that the trial court erred in dismissing the amended complaint.

The amended complaint alleges that on February 3, 1966, plaintiff, as a business invitee, was on the defendant's premises located in Moline, Illinois; that defendant, as the owner of the shopping center, undertook gratuitously to clear off ice and snow from the parking lot and had an obligation to clear the ice and snow in a reasonable and prudent manner. It was then alleged that defendant, or its agents or employees, "were careless in the obligation which it had imposed upon it in gratuitously attempting to clear the premises of ice and snow and permitted dangerous amounts of ice and snow to remain upon the premises after several attempts to remove and clear the ice and snow." It was also alleged that if the work had been performed in a reasonably prudent manner the ice and snow would have been removed and cleared and that it was possible to remove and clear the

ice and snow so that no dangerous condition would remain. The trial court concluded that a cause of action had not been alleged and dismissed the complaint. The issue before us is whether the plaintiff had in fact stated a cause of action.

 Under the precedents in this State, a plaintiff must allege facts in the complaint from which the law will raise a duty (Darling v. Charleston Memorial Hospital, 50 Ill App2d 253, 310, 200 NE2d 149, affd 33 Ill2d 326, 211 NE2d 253; Muhlbauer v. Kruzel, 39 Ill2d 226, 234 NE2d 790). A failure to allege such facts justifies dismissal of the complaint on motion. The applicable rule in this State with reference to injuries resulting from falls on icy sidewalks is stated in Zide v. Jewel Tea Co., 39 Ill App2d 217, 222–223, 188 NE2d 383, where the court states:

> "A property owner is not liable for injury sustained by a business invitee in a fall on an icy sidewalk or parking lot maintained by the property owner for the use of its customers where the condition is a natural one and not caused or aggravated by the property owner. Kelly v. Huyvaert, 323 Ill App 643, 56 NE2d 638. However, a property owner may be liable for injury sustained by a business invitee who falls and is injured as a result of snow and ice which did not accumulate from natural causes, but as a result of the property owner doing something which causes an unnatural or artificial accumulation of the ice and snow. Fitz Simons v. National Tea Co., 29 Ill App2d 306, 173 NE2d 534."

In the Zide case the court set aside a substantial verdict for the plaintiff for the reason that there was no evidence that the ice upon which plaintiff is alleged to have fallen was caused or aggravated by the defendant, Jewel Tea Company. This conclusion was consistent with the determination of the Court in Kelly v. Huyvaert, 323 Ill App

643, 56 NE2d 638, where the court indicated that in no case which came to the attention of the court, has a property owner been found liable where the icy condition had been general throughout the neighborhood and was not aggravated or caused in any way by the property owner, but where it resulted from a natural fall of snow, or a natural development of ice or snow.

In Riccitelli v. Sternfeld, 1 Ill2d 133, 115 NE2d 288, defendant had removed snow from the sidewalk and as it melted it accumulated on the sidewalk and formed ice. The court held (at page 137) that this did not constitute negligence on the theory that the water which froze and produced the lump of ice on which plaintiff fell came from natural causes. The court observed that it could not be said to have arisen from anything defendant did other than moving the snow obstructing his driveway and making a path on the sidewalk for pedestrians. What the courts have been saying in the respective cases is that mere removal of snow, which may leave a natural ice formation remaining on the premises, does not of itself constitute negligence.

■■ In the cause before us, plaintiff relies almost entirely on the case of Fitz Simons v. National Tea Co., 29 Ill App2d 306, 173 NE2d 534. In that case it was shown that the ice upon which plaintiff fell was not a natural accumulation but that it in fact resulted when defendant removed some of the snow and piled it in an area where drainage caused melting snow to accumulate and freeze. The melting and freezing as it drained across the parking lot occurred over a period of nearly a month. It was shown that defendant had knowledge or should reasonably have had knowledge of such unnatural accumulation of the ice. In the Fitz Simons case the court observed (at page 318):

"... normally there is no liability for injuries resulting from the general slipperiness of streets or

sidewalks due to the presence of snow or ice which have accumulated as a result of natural causes, but there may be liability where snow or ice has been produced or accumulated by artificial causes or in an unnatural way or by a defendant's own use of the area concerned and creation of the condition, and where it has been there long enough to charge the responsible party with notice and knowledge of the dangerous condition: Graham v. City of Chicago (1931) 346 Ill 638, 178 NE 911. Cf. Ritgers v. City of Gillespie (1953) 350 Ill App 485, 113 NE2d 215; King v. Swanson (1919) 216 Ill App 294."

The court emphasized in the Fitz Simons case there was an unnatural accumulation of ice or snow so that a question of fact was raised for the jury. In the cause before us there is no specific allegation that there was an unnatural accumulation of snow or ice in any respect. All that is stated is that defendant was careless in the obligation it had imposed upon it in attempting to clear the premises of ice and snow; that it made several attempts to do so but did not remove it all, and thus permitted some to remain. Under the precedents in this State, this would not be sufficient to charge negligence. If the complaint had alleged that the snow and ice upon which plaintiff fell was other than that of a natural accumulation, then a question of fact would have been raised which would have justified submission to a jury. Nothing in the complaint, however, suggests that defendant created an unnatural condition which led to the fall by plaintiff. The trial court found that no cause of action had been stated, ostensibly on the premises that a property owner is not required to guarantee to his invitees that the premises will never be slippery nor is he required to insure the safety of his invitees if he attempts to remove snow and does not succeed in doing so, unless such act results in some unnatural accumulation or

a specific dangerous condition. To recite simply that it was possible to remove and clear the ice and snow so that no dangerous condition would remain and that defendant failed to do so, on the basis of the precedents in this State, would not state a cause of action.

We must, therefore, conclude that the order of the Circuit Court of Rock Island County in dismissing the amended complaint was proper and should be affirmed.

Affirmed.

STOUDER and CULBERTSON, JJ., concur.