Robert F. Poths and Ronald W. Poths, a Minor, by Robert F. Poths, His Father and Next Friend, Plaintiffs-Appellants, v. Farmers Insurance Exchange, Defendant-Appellee.

Gen. No. 68–88.

Second Judicial District.

January 28, 1969.

Dreyer, Foote and Streit, of Aurora, for appellants.

Hinshaw, Culbertson, Moelmann and Hoban, of Chicago, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This action was brought by the plaintiffs against the defendant insurance company under the Declaratory Judgment Act to seek a determination that the company was under a duty to defend Ronald Poths in a personal injury suit brought against him. We have earlier decided a companion case, Lumbermens Mut. Cas. Co. v. Poths, 104 Ill App2d 80, 243 NE2d 40, based on essentially the same facts. The two causes had previously been consolidated for trial and the record in the Lumbermens case has been incorporated by reference to this appeal.

The relevant facts have been discussed at length in the Lumbermens case and it is not necessary to repeat them here in detail. On April 22, 1966, Ronald Poths was involved in an automobile accident while he was driving a 1956 Chevrolet automobile. Mildred E. Maxwell and Kimberly Maxwell brought suit against Ronald Poths for injuries allegedly suffered by them as a result of the accident.

At the time of the accident, title to the automobile was in the name of Anna Susmark, the mother of Robert Susmark. Robert was a close friend of Ronald Poths. The automobile was insured under a liability policy issued to Lawrence Susmark, the husband of Anna and father of Robert. The Maxwells' Complaint was tendered to Lumbermens under that policy and Lumbermens proceeded with the defense after making a reservation of

their rights. Lumbermens then brought a declaratory judgment action against Poths and the Susmarks to seek a determination that they had no duty to defend Poths in the personal injury suit since he had no permission to use the automobile at the time of the accident. The Lumbermens policy provided coverage for the owned automobile to "any person while using the automobile . . . provided the actual use of the automobile is by the named insured or such spouse or with the permission of either." Lumbermens filed a motion for summary judgment, supported by the depositions of Ronald Poths and the Susmarks, that was granted by the trial court.

Ronald Poths and his father, Robert Poths, had, in the meanwhile, brought this action against Farmers on a policy issued by them to Robert Poths that provided liability coverage for the insured and members of his household in the named automobile and ". . . any other automobile except one owned by or regularly and frequently used by the named insured or any member of his household except a servant." Farmers filed its motion for summary judgment based on an exclusion clause of their policy that provided "This policy does not apply . . . to any non-owned automobile arising out of its use . . . without the permission of the owner" and supported by the same affidavits and depositions filed in the Lumbermens case. The trial court granted the motion and this appeal resulted.

 In the Lumbermens case, we restated the familiar rules that apply to a motion for summary judgment under section 57 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 57). A motion for summary judgment should not be granted either where there is a genuine issue as to any material fact or where fair-minded persons could draw different inferences from facts not in dispute. Ruby v. Wayman, 99 Ill App2d 146, 240 NE2d 699.

We also discussed the question of implied permission to use an automobile, particularly in light of the guidelines established in the case of Hays v. Country Mut. Ins. Co., 28 Ill2d 601, 192 NE2d 855. After we reviewed the record as a whole, we found that genuine factual issues existed both as to the actual ownership of the automobile and any express prohibition against Poths' use of it, both crucial questions under the Hays decision. We also held that a dispute existed in regard to the prior conduct of the Susmarks in relation to the use of the automobile and the inferences that fair-minded persons could draw from that conduct. On the basis of those findings, we concluded that the motion for summary judgment should not have been granted since triable issues existed.

The only distinction between the cases, at least at this stage, is that the Lumbermens' policy requires permission from the "named insured or such spouse" for coverage to apply whereas the Farmers' policy would require the permission of the "owner."

█ It is not clear from the record if Anna Susmark, Lawrence Susmark or Robert Susmark was the actual owner of the automobile. There is also a conflict on the issue of Ronald Poths' permission, either implied or expressed, to use the vehicle from any of the three Susmarks. These were genuine issues of fact and should not have been summarily disposed of by the trial court.

█ █ The plaintiffs also urge that the trial court improperly denied their motion for consolidation. As we pointed out in the companion case, the consolidation of cases is a matter within the discretion of the trial court and in view of the order that the two cases be consolidated for trial, we find no abuse of that discretion.

The summary judgment in favor of Farmers is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, J., concurs.

MORAN, J., dissents.

MORAN, J., dissenting:
I must differ with my colleagues in this case for the same reasons as stated in my dissent in the case of Lumbermens Mut. Cas. Co. v. Poths, 104 Ill App2d 80, 243 NE2d 40 (1968).