THOMAS NEWCOMM, Plaintiff-Appellee, *v.* GERDA JUL, Defendant-Appellant.

(No. 70-74;

Third District—September 22, 1971.

ALLOY, P. J., dissenting.

Peter C. Fieweger, of Rock Island, for appellant.

Robert Ellison, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Thomas Newcomm, brought this action in the Circuit Court of Whiteside County against Gerda Jul, Defendant-Appellant, seeking damage for personal injuries resulting from a fall on a sidewalk on the premises operated by the defendant as a restaurant. Judgment for $15,000 in favor of plaintiff was entered on the verdict of a jury and defendant's post trial motions were denied.

On February 10, 1967, Thomas Newcomm, the plaintiff and his wife, together with Mr. & Mrs. Keel and their three children, were on route from Chicago to Iowa. At about 8:30 P.M. they stopped for dinner at Jul's Danish Farm Restaurant operated by defendant, located near Rock Falls. The night was cold and dark. Mr. Keel parked the car in the restaurant's parking lot and the group proceeded into the restaurant and ate.

The main or front door of the restaurant opens onto a patio occupying the area between the doorway and the parking lot, a distance of about twenty five feet. After finishing their meal Mr. Keel drove the car to that portion of the parking lot adjoining the patio or walkway and the group proceeded to re-enter the car. Newcomm first carried the younger of the Keel children (two years old) to the car handing him over to his parents and then returned to the restaurant and carried the four and a half year

old son of the Keels to the car. As he neared the car he "slipped and fell" onto his back with the child he was carrying on top of him. No report or mention of the incident was made to the defendant, her employees or agents at the time. Defendant was not advised of the incident until some 10 months later when this action was filed.

The complaint based on defendant's duty as owner of business premises to provide reasonably safe conditions for invitees thereon, particularly alleged defendant provided inadequate or insufficient lighting and also permitted or caused an unnatural accumulation of ice or snow on the premises. Thereafter the complaint was amended by eliminating any reference to unnatural accumulation of ice or snow and the sole issue submitted to the jury was the alleged insufficiency of the lighting.

Defendant's first assignment of error is that the court erred in denying her motion for directed verdict at the close of the evidence and her motion for judgment notwithstanding the verdict after the jury's verdict had been returned.

The evidence presented by plaintiff consisted principally of his testimony and that of his wife. According to plaintiff there were patches of ice or snow on the patio which he noticed as they were going to the restaurant. He stated that he could feel the patches through his shoes and as he approached the door of the restaurant a light above the door shown on the area around the mat revealing the area to be covered about fifty percent with patches of ice or snow, the remaining concrete area being clear. As the patio neared the parking lot the lighting was such that according to plaintiff, he could not see the patches of ice on the patio and being unable to see the patches of ice or snow he slipped on one causing his fall and subsequent substantial injury.

Mrs. Newcomm's testimony was generally to the same effect as that of her husband concerning lighting, patches of snow and physical surroundings. She did not see her husband fall since she was in the car at the time but did state that when she went to see what was wrong the area in which her husband fell was dark.

The evidence of defendant described the lighting conditions in effect at the time mainly the light over the door of their restaurant, the light from the windows and the lights stationed about the parking lot. Witnesses were also presented who testified that the lighting at or about the place of the mishap was sufficient so that a pebble, coin or other small object on the patio could be distinguished if one's eyes were focused on the area.

In contending *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, requires judgment in her favor as a matter of law defendant

argues the claimed insufficient lighting was not the proximate cause of plaintiff's injuries. According to defendant the only reasonable inferences which can be drawn from the evidence are that plaintiff's injuries were caused by a natural accumulation of ice or snow or plaintiff's failure to exercise due care in regard to such natural accumulation of ice or snow. On the other hand plaintiff claims there is ample evidence that the area was dark and that such darkness and absence of sufficient illumination can be deemed a proximate cause of the injuries.

Although the parties have generally discussed the application of the *Pedrick* rule in terms of proximate causation we must initially concern ourselves with the more basic question of the existence of any duty owed by plaintiff to defendant.

The court in *Byrne v. Catholic Bishop of Chicago*, 131 Ill.App.2d 356, 266 N.E.2d 708, observed, "A property owner is not liable for injury sustained by a business invitee in a fall on an icy sidewalk or parking lot maintained by the property owner for the use of its customers where the condition is a natural one and not caused or aggravated by the property owner. *Kelly v. Huyvaert*, 323 Ill.App. 643, 56 N.E.2d 638. However, a property owner may be liable for injury sustained by a business invitee who falls and is injured as a result of snow and ice which did not accumulate from natural causes, but as a result of the property owner doing something which causes an unnatural or artificial accumulation of the ice and snow. *Fitz Simons v. National Tea Co.*, 29 Ill.App.2d 306, 173 N.E.2d 534." The court in the *Byrne* case then proceeds to discuss other cases involving falls on ice and snow and concludes with approval of the trial court's action holding defendant not liable as a matter of law.

■■■ If liability of a business owner may not be predicated on falls resulting from natural accumulations of ice or snow it follows the business owner is not required to warn of the presence of natural accumulations of ice or snow. The duty of warning against a particular condition or hazard co-exists with the corresponding liability for the consequences or hazards of the condition if no appropriate warning is given.

As applied to the case at bar both plaintiff and his wife testified there were patches of ice or snow on the patio ranging from one fourth inch to one inch thick. Furthermore plaintiff testified that he slipped on a patch of ice or snow albeit because he could not and did not see it. Although the original complaint included charges of negligence based on defendant's unnatural or artificial accumulation of ice or snow, such allegations found no support in the evidence either of plaintiff or defendant. During a conference on instructions which took place during a recess as plaintiff was presenting the rebuttal phase of his case, plaintiff

moved to amend the complaint by eliminating all charges of negligence based on the unnatural accumulation of ice or snow leaving only an issue of insufficient illumination in the case.

■■ Absent any evidence that the ice or snow was the result of an unnatural or artificial accumulation thereof the only inference is that it was a natural accumulation and if so defendant was under no duty of warning (by way of illumination) against the hazards thereof. The absence of any duty to warn against the hazards of natural accumulations of ice or snow appears to have been overlooked because at the time of the presentation of the major part of the evidence a duty of warning may have existed in conjunction with unnatural accumulations of ice or snow.

Since it is our conclusion that there is no duty to warn against the existence of natural accumulations of ice or snow by way of illumination or otherwise, the alleged breach of a non-existent duty can not be considered a proximate cause of plaintiff's injuries.

For the foregoing reasons the judgment of the Circuit Court of Whiteside County is reversed with directions that the judgment in favor of the plaintiff be vacated and judgment in favor of defendant be entered.

Judgment reversed and remanded.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE ALLOY dissenting.

I do not agree with the reasons stated nor the conclusion arrived at in the majority opinion. While the record may have justified a remandment for new trial I do not believe that a direction to enter judgment in favor of defendant is justified on the basis of the record. The majority opinion is predicated entirely on the premise that the only issue to be determined is whether or not there was a natural or unnatural accumulation of ice or snow on the area where plaintiff Thomas Newcomm fell. Implicit in the conclusion in the majority opinion is the contention that insufficient illumination or inadequate lighting could not constitute negligence. This conclusion is not only inconsistent with precedents in this State but is actually inconsistent with the theory upon which the case was tried, *i.e.* that the illumination was inadequate to protect a customer in crossing the area where plaintiff fell. The contention was made that there was no lighting in the specific area where plaintiff fell. It is obvious that if there was no lighting in the area and there was no snow issue involved, the jury would never have the right to determine whether or not the conditions which existed there were of such character as to justify a recovery by plaintiff by reason of the failure to illuminate the area. This is par-

ticularly significant in commercial enterprises. *Geraghty v. Burr Oak Lanes, Inc.* 5 Ill.2d 153 162, 125 N.E.2d 47.

The fact that there had been a snow and that there was no lighting in the area does not, I believe, insulate as against any finding by a jury that inadequate illumination could constitute negligence and be a causative factor in the injury which resulted. Accordingly, I believe that the reversal and direction to vacate the judgment without remandment for new trial is not justified by the record or by precedents.