2 Ill. App.3d 274 (1971)
276 N.E.2d 38
W. DOUGLAS FOSTER, Plaintiff-Appellee,
v.
GEORGE J. CYRUS & COMPANY, INC., Defendant-Appellant.
No. 53442.
Illinois Appellate Court  First District.
November 11, 1971.
Rehearing denied December 16, 1971.
*275 Kralovec, Sweeney, Marquard & Scoby, of Chicago, (George E. Sweeney, and Edward V. Scoby, of counsel,) for appellant.
John D. Hayes and Louis Hilfman, of Chicago, for appellees.
Judgment reversed and cause remanded.
Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:
This action was brought to recover damages for personal injuries sustained by plaintiff in a fall on defendant's premises. The jury returned a verdict for $10,000; the court entered judgment on the verdict and denied post-trial motions. On appeal defendant contends that the evidence was insufficient to support the verdict, that plaintiff was contributorily negligent as a matter of law, and that the trial court erred in the giving of a certain instruction to the jury.
On January 28, 1966, plaintiff fell on a mound of snow and ice in a parking lot owned by defendant. At the time of the accident, the temperature was 10 degrees below zero, and there was about 12 inches of snow on the ground. From January 12 through the day of the accident, the temperature had not risen above the freezing mark.
The parking lot was located in the rear of a building owned by defendant. Plaintiff, who lived in a nearby building, rented parking space from defendant. Plaintiff was employed as a salesman for an emergency respirator service. On the morning of the accident, plaintiff went to his car in the lot in order to deliver certain respiratory equipment. He called his employer for assistance, when he was unable to start the car. The employer sent another salesman, Ronald Blight, to help him. After trying unsuccessfully to start plaintiff's car, the two men decided to transfer the equipment to Blight's car. Plaintiff testified that he reached in the window of his station wagon and pulled the respirator toward the door. While turning away from the rear window, he slipped and fell on the mound of snow, sustaining a fractured hip.
The mound of snow in question extended along the rear of plaintiff's car. It was a foot high and about 4 to 5 feet in width. The mound was packed tightly with snow and ice, while the snow between the automobiles *276 was light and fluffy. Plaintiff had noticed the mound of snow when he parked his car on the previous evening.
Plaintiff testified that the parking lot had been "plowed" up against the back of his automobile where he fell. He also testified that the plowing caused the mound of ice and snow. He could not say for sure that he had seen anyone plowing the lot before the accident. Blight testified that there was a mound of snow behind plaintiff's car, and that the mound had been "pushed up." Plaintiff's wife testified that an accumulation of snow was pushed up in the back of the car and it appeared that "it had been either plowed up or something." Gabriel Braun, a tenant in defendant's building, testified for plaintiff that the area appeared to have been plowed prior to the injury to plaintiff, and that the lot had been plowed by a tractor after every snowfall. On cross-examination, Mrs. Braun stated that she did not recall what plowing occurred in the lot prior to a 1967 snowstorm, a year after the instant accident. On redirect examination, she testified that the lot was plowed after every snowfall since she lived there. Kenneth Pugh, defendant's janitor, testified as an adverse witness that the parking lot was never snow plowed. However he admitted making a statement prior to trial that if snow accumulated, the tenants would call defendant's agent who would have the snow cleared. Pugh also admitted that at his deposition he had stated that during 1966, the scavenger service making weekly garbage collections would plow the lot if there were snow accumulations.
Edward Heintz, defendant's property manager, testified for the defense that Active Service Corporation was used by defendant when snow removal was necessary. The only time Active was so engaged occurred in 1967. He produced records for the property indicating that no payments had been made to anyone for snow removal from the lot in 1966. Richard DeBoer, Active's president, testified for the defense that his company hauled ashes for the building, but did not do any snow plowing in 1966. He testified that if snow removal had been done, it would have shown on Active's records.
 1 Defendant first contends that the evidence presented by plaintiff was insufficient to support the verdict. A property owner is not liable for injuries resulting from natural accumulations of snow and ice. (Zide v. Jewel Tea Co., 39 Ill. App.2d 217, 188 N.E.2d 383.) However a property owner may be liable for injuries sustained as a result of snow and ice which did not accumulate from natural causes, but as the result of the owner doing something which causes an unnatural or artificial accumulation of ice and snow (Fitzsimons v. National Tea Co., 29 Ill. App.2d 306, 173 N.E.2d 534.) Plaintiff offered testimony that he fell on a mound of snow and ice which was caused by the clearing of snow *277 in the travelled portion of the lot. Defendant does not dispute the existence of the mound of snow, but argues that the testimony failed to support a finding that the parking lot had been cleared of snow prior to the accident. It thus maintains that the trial court erred in not directing a verdict in its favor and in denying its motion for judgment notwithstanding the verdict.
 2, 3 In Illinois, verdicts should be directed or judgment notwithstanding the verdict should be granted only if "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (Pedrick v. Peoria and Eastern R.R. Co., 37 Ill.2d 494, 229 N.E.2d 504.) Applying that principle to the instant situation, we believe that the issue of whether the lot had been cleared of snow was factual and properly submitted to the jury. While plaintiff was not sure that he saw anyone plowing the lot prior to the accident, he testified that the lot had been plowed. He further stated that the snow was plowed up in a mound where he fell. Both Blight and plaintiff's wife testified that the snow had been pushed up, and she stated that the lot seemed to have been plowed. Mrs. Braun testified that the lot was cleared of snow after every snowfall. Additionally, the testimony of defendant's janitor was impeached by his earlier statement and testimony that the lot was cleared of snow on a regular basis. Although defendant offered evidence that it cleared no snow in the lot during 1966, we believe that the issue was properly presented to the jury. When the evidence on the issue is viewed in a light most favorable to plaintiff, we are unable to say that the jury's finding cannot stand.
 4 Similarly, the issue of plaintiff's contributory negligence was to be determined by the jury. Plaintiff was aware of the dangerous condition of the snow and ice at the rear of his car. Yet it was necessary for him to transfer the equipment from the car. Whether he was acting with due care for his own safety at the time of his fall was properly resolved by the triers of fact.
Defendant further argues that the trial court committed reversible error in the giving of the following instruction concerning defendant's duty to plaintiff:
"The defendant owed the plaintiff the duty to exercise ordinary care to keep the parking area in a reasonably safe condition for the purpose for which the parking area was reasonably intended, and to exercise ordinary care not to create or permit an unsafe condition which would interfere with the reasonably expected use of the parking area; however, the defendant was under no duty to remove natural accumulations of snow and ice unless such accumulations constituted *278 an unsafe condition and then only until a reasonable time had elapsed following such unnatural accumulations."
We address ourselves first to plaintiff's threshold argument that a consideration of the propriety of the instruction by this court is unnecessary. Plaintiff argues that even if the instruction incorrectly states the law, its giving was not prejudicial to defendant and does not require reversal. This argument is apparently based upon the fact that the presence of the mound of snow at the rear of plaintiff's vehicle was not disputed by defendant. We agree that the snow mound's presence was undisputed. However, whether it was the result of a natural or artificial accumulation was very much controverted at trial. The primary issue for the triers of fact as framed by both sides was whether defendant caused the mound by clearing snow from the lot prior to the accident. Under the instruction given, the jury could have found that the mound of snow was a natural accumulation, but nevertheless held defendant liable for not removing the snow within a reasonable time. If the latter part of the instruction in question was not a correct statement of the law in Illinois, its submission to the jury constituted prejudicial error.
 5 We hold that the duty owed by defendant to plaintiff was properly set forth in the following instruction tendered by defendant and refused by the court:
"The owner of property is under a duty to exercise ordinary care not to create an unsafe condition with the customary and regular use of the property, but he is under no duty to remove ice or snow which have resulted from natural accumulations."
In Cronin v. Brownlie, 348 Ill. App. 448, 109 N.E.2d 352, a tenant was injured in a fall on an ice covered sidewalk adjoining a building owned by defendant. This court held that in our northern climate it would be unreasonable and impractical to require a landlord to remove snow and ice from sidewalks used jointly by his tenants where the ice and snow arise from natural causes. And in Zide v. Jewel Tea Co., 39 Ill. App.2d 217, 188 N.E.2d 383, a plaintiff fell on ice and snow accumulated in defendant's parking lot. In holding that plaintiff failed to offer sufficient evidence to recover, this court stated at p. 225:
"It was essential to the plaintiff's cause of action that some evidence be introduced to show that her fall resulted from other than the presence of snow and ice accumulated as a result of natural causes."
In Byrne v. Catholic Bishop of Chicago, 266 N.E.2d 708, plaintiff was injured in a fall on an accumulation of ice and snow in a parking lot. The court held that there must be an affirmative showing by plaintiff of an unnatural accumulation of snow or an aggravation of a natural condition by the owner of the property before the latter would be liable for *279 injury sustained. See also Riccitelli v. Sternfeld, 1 Ill.2d 133, 115 N.E.2d 288; Kelly v. Huyvaert, 323 Ill. App. 643, 56 N.E.2d 638.
In holding that the instruction given was improper, we reject dicta expressed by this court in Durkin v. Lewitz, 3 Ill. App.2d 481, 123 N.E.2d 151. In that case, the evidence established that the plaintiff tenant fell on an accumulation of ice caused by a defective roof gutter on the defendant landlord's premises. This evidence established an artificial accumulation of ice for which the property owner clearly was liable for injuries sustained by his tenant. However, the court went on to discuss the so-called "Massachusetts" and "Connecticut" rules concerning the duties of property owners to tenants in such cases. The court concluded that it would favor the Connecticut rule requiring property owners to remove even natural accumulations of snow and ice after a reasonable length of time or be liable for injuries suffered by their tenants. As already noted, we believe that placing such a burden on landlords in our climate would be unreasonable and virtually impossible to fulfill.
Sims v. Block, 94 Ill. App.2d 215, 236 N.E.2d 572, also cited by plaintiff, is clearly distinguishable from the case at bar. There plaintiff was injured while alighting from his vehicle in his landlord's parking lot. The evidence indicated that there had been an incomplete snow removal by defendant's agent creating an artificial accumulation of snow and ice.
 6 We hold that instruction in question incorrectly stated the Illinois law. Giving it to the jury constituted prejudicial error to defendant. Accordingly, the judgment of the circuit court is reversed and the cause is remanded for a new trial.
Judgment reversed and cause remanded.
DEMPSEY and McGLOON, JJ., concur.