CHARLES DAVIS, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant—(TOFFENETTI BUILDING CORPORATION *et al.,* Defendants.)

(No. 56060; ▮▮▮▮▮▮▮▮▮

First District—October 20, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistant Corporation Counsel, of counsel,) for appellant.

Alvin R. Becker, and Root, Root & Root, both of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Plaintiff brought this action to recover damages against the City of Chicago, Crown Building Corporation, and Toffenetti Building Corporation for injuries received on March 17, 1965, when he fell on the public sidewalk at 59-65 West Monroe Street in Chicago. Directed verdicts were entered in favor of Crown and Toffenetti. However, the City's motions for directed verdicts at the end of plaintiff's case and at the close of all the evidence were denied. In answering two special interrogatories, the jury found that negligent maintenance of the sidewalk on the part of the City proximately caused plaintiff's injury, and that

plaintiff was not contributorily negligent. A general verdict for $25,000 was returned against the City and judgment was entered thereon. The City appeals from that judgment and from the dismissal of Crown and Toffenetti.

At about 8:15 A.M. on March 17, 1965, plaintiff, 64 years old, left his apartment building and rode a shuttle bus to the corner of Wabash and Monroe Streets in Chicago. He then walked west on the south side of Monroe Street and observed snow on the sidewalk. There were big blotches of snow several inches high. Some walks had been shoveled, others had not. When he got to 59 West Monroe Street, his right foot slipped back "as though he were on a toboggan." He was thrown off balance, went forward on his hands and left knee, and broke his kneecap. There were six or seven inches of snow on the sidewalk in the area where he fell, and no one had fallen in front of him or anywhere around him.

A surveyor testified that the greatest variance in grade at 57-59 West Monre was 5⅛ inches vertically over a horizontal distance of 51 inches, a slope of 5.7°. Plaintiff did not notice the slope before he fell, but thought that under ordinary conditions the sidewalk would be all right. There were no cracks or indentations in the sidewalk in the area where he fell.

After his fall, plaintiff was taken by a Chicago Fire Department ambulance to Wesley Memorial Hospital for treatment. The fireman who carried plaintiff to the ambulance testified that the sidewalk had a little snow and ice except at the curb where it was piled in a mound.

The City contends that as a matter of law, an incline on a sidewalk of 5.7° is not inherently dangerous, and it had no duty to anticipate danger to persons walking on it.[1] It is argued that even a natural accumulation of ice and snow on a sidewalk with such a slope would not render the municipality liable.

■■ The law does not require that each municipality keep all sidewalks in perfect condition at all times, nor does the law impose the duty to correct slight variations from level or other minor defects. See *Arvidson v. City of Elmhurst*, 11 Ill.2d 601, 604, 145 N.E.2d 105.

■■ It is also generally recognized that a municipality is not liable for the condition of its sidewalks caused by the natural accumulation of ice and snow, provided the walk is properly constructed and no other defect is shown. (*Schwartz v. City of Chicago*, 63 Ill.App.2d 416, 211 N.E.2d 477; *Casper v. Chicago*, 320 Ill.App. 269, 50 N.E.2d 858; *Trumbly v. Chi-*

---

[1] A somewhat steeper slope of 6° from horizontal is demonstrated by the hand of a clock pointing to 14 minutes after the hour.

*cago,* 335 Ill. App.122, 80 N.E.2d 453; see also 41 A.L.R.2d 739.) If, however, a slippery condition is combined with a structural defect in the sidewalk, liability may be imposed if the defect is found to be a proximate cause of the injury. (*Eppley v. Chicago,* 221 Ill.App. 111; *Ritgers v. Gillespie,* 350 Ill.App. 485, 113 N.E.2d 215.) But the defect as a proximate cause is essential, and recovery will be denied when an accident is caused solely by a naturally icy surface. *Stieb v. Chicago,* 345 Ill.App. 505, 104 N.E.2d 112.

In *Calhoun v. Corning,* 328 Ill.App. 493, 66 N.E.2d 303, the court held that the defendant was not liable for injury caused by the plaintiff's slipping on an icy slope which had been created on both sides of a driveway which crossed the sidewalk.

■ The test to be applied in determining the City's negligence, in the present case, is whether a reasonably prudent man would anticipate some danger to persons walking upon the sidewalk, and take action to avoid it. *Schwartz v. City of Chicago,* 63 Ill.App.2d 416, 422, 211 N.E.2d 477.

Plaintiff testified that under normal conditions the sidewalk would have posed no hazard to him, or, inferentially, to others in the exercise of ordinary care. There were no cracks or indentations which could cause one to trip on an edge of the pavement; thus, there is no question of the negligent maintenance or repair of the area. The survey commissioned by plaintiff disclosed that the level of incline over the entire plot surveyed was 5.7°, but the exact point of plaintiff's fall was not determined and cannot therefore be presumed to have been from the high point to the low point. Thus, plaintiff may have fallen at a point where the degree of slope was substantially less than 5.7°.

■■ Considering the slight angle of incline, we believe the overwhelming weight of the evidence to have demonstrated that plaintiff's fall was caused not by the slope of the sidewalk but rather by the snow and ice conditions for which the City was not responsible under the circumstances of this case. Frequently, sidewalks are constructed with a slight grade to permit drainage and to allow the area to remain in a safe condition for pedestrian traffic. There is no mathematically precise formula which can be used to determine a reasonable slope from one that may be hazardous under certain conditions. To attempt to impose such a standard would be unwise, since each case must be determined on its particular facts. However, it is our conclusion that the incline of the sidewalk in the present case was not inherently hazardous and was so slight as not to have imposed a duty upon the City to have corrected it.[2]

---

[2] Nor would defendant be liable for a plan of construction where the use of the plan was discretionary and a 5.7°-slope was thought to be proper under the circumstances. See *Owens v. Chicago,* 162 Ill.App. 196.

To determine whether the trial court erred in refusing to direct a verdict for defendant, the record is reviewed to ascertain whether all of the evidence viewed in the light most favorable to plaintiff so overwhelmingly favored defendant that no contrary verdict based on the evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 514, 229 N.E.2d 504.) We believe it did, and the judgment is reversed.

With this determination, the City's second point arguing an improper dismissal of Crown and Toffenetti becomes of no consequence.

Judgment reversed.

LORENZ, P. J., and DRUCKER, J., concur.