ROBERT GREENWOOD, Plaintiff-Appellant, *v.* KERMIT LEU, d/b/a LEU's IGA FOOD LINER, Defendant-Appellee.

(No. 72-301;

Fifth District—October 1, 1973.

G. MORAN, J., specially concurring.

Hoagland, Maucker, Bernard & Almeter, of Alton, for appellant.

James L. Reed, of Reed, Armstrong, Gorman and Coffey, of Edwardsville, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the Circuit Court of Madison County, in an action brought by the plaintiff to recover damages allegedly caused by the negligence of the defendant in failing to properly maintain the entrance to his grocery store. After submission of the pleadings, depositions and exhibits, the defendant made a motion for summary judgment, which was granted by the trial court. The plaintiff appeals from the order granting defendant's motion for summary judgment. After filing the common law record and briefs in this appeal, appellee filed a motion to dismiss the appeal or to affirm judgment pro forma, for the reason that appellant failed to file an abstract. Subsequently, appellant filed a motion for leave to excuse the filing of an abstract. We have taken the motions with the case and, in light of our affirmance on the merits, we deny appellee's motion.

The facts in this case are, for the purposes of this appeal, undisputed. On Saturday, January 10, 1970, sometime after dark, around 7:00 P.M., plaintiff and his wife left the Impala Tavern in Edwardsville, located two doors down from the defendant's store, and walked 70 feet north to their automobile, which was parked directly in front of defendant's store. When he reached his automobile the plaintiff decided that he wanted to buy some cigarettes. He left his automobile and walked straight east to the entrance of recessed area of defendant's store. Upon finding both the entrance and exit doors locked, plaintiff turned around. When he got to the place where the front sidewalk met the recessed area, he placed his right foot down with his weight on it and, while swinging his left foot forward, his right foot slid forward on a mixture of snow and ice, and he fell on his back and injured himself.

At the time of the fall and for several hours prior thereto, precipitation in the form of both sleet and snow had occurred in the Edwardsville area. Shortly before plaintiff's fall, this precipitation began to freeze on the sidewalks and in addition, it began to snow again. According to the plaintiff's deposition there was a natural accumulation of a quarter of an inch of snow on the sidewalk with ice underneath it. The temperature was freezing; the ice was slick; and, according to the plaintiff, he had to be very careful to avoid slipping. It is undisputed that the snow and ice which existed on the sidewalk and in the recessed area was a natural accumulation caused by the elements, existing through the general area and neighborhood.

The entranceway to the defendant's store has a slight rise of two inches beginning where the recessed area joins the public sidewalk and extending back 4½ to 5 feet to the rear of the recessed area. The snow

and ice which existed in the recessed area was of the same depth and and thickness as on the streets and sidewalks. Plaintiff's fall was not caused from slipping on any raised or foreign object, but, according to the plaintiff, was caused by the snow and ice in the entranceway and on the sidewalk.

Subsequent to his fall and resulting injuries, plaintiff filed a complaint for personal injuries. Following the granting of the defendant's motion to dismiss, plaintiff filed an amended complaint, alleging, in part, that at the time of the plaintiff's fall the ramp or entranceway to the defendant's store was covered with ice, snow and water, thereby rendering the ramp or entranceway dangerous to pedestrians who might be using it. It was further alleged that defendant was negligent in one or more of the following respects: failing to properly remove the ice, snow and water when defendant knew or should have known that such a condition might be dangerous; failing to provide adequate illumination; failing to warn; and failing to provide adequate safeguards, such as hand railings, salt, or foot mats. Defendant filed an answer denying the above allegations. Depositions of the plaintiff, defendant and three post-occurrence witnesses were taken. Defendant then filed his motion for summary judgment, the substance of which was that there was no duty on the defendant to do the acts complained of. For purposes of this motion, defendant conceded that at the time of the injury, plaintiff was an invitee and that he slipped and fell on the defendant's premises.

The issue presented for review in this case is whether the trial court was correct in granting defendant a summary judgment, pursuant to section 57 of the Civil Practice Act. Ill. Rev. Stat. 1971, ch. 110, par. 57.

■■ We agree with the plaintiff-appellant that summary judgment should be allowed only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment or decree as a matter of law. (*Ruby v. Wayman,* 99 Ill.App.2d 146, 240 N.E.2d 699; *Poths v. Farmers Insurance Exchange,* 104 Ill.App.2d 455, 244 N.E.2d 632.) See also section 57 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, section 57). And we also recognize that in determining whether a summary judgment for either party is proper, all pleadings, affidavits and bills of particular must be construed against the moving party and most liberally in favor of the opponent. (*Giova v. Carrol,* 109 Ill.App.2d 259, 248 N.E.2d 836.) However, in the case at bar, the trial court's granting of a summary judgment was proper and should be affirmed.

In making his motion defendant adopted the view most favorable to the plaintiff—that the fall occurred shortly before 7:00 P.M.; that plaintiff fell on the defendant's premises; and that he was an invitee. The defendant admits that he did not remove the snow and ice; that he gave

no warning, spread no salt, cinders or other abrasive materials; nor laid any foot mats, nor built any handrails. The plaintiff testified in his deposition that the snow and ice on the sidewalk and recessed area was a natural accumulation; that it was general throughout the area; that he knew the sidewalk was slippery; that he was wearing slick rubber-soled shoes at the time; that he didn't step on any foreign object; and, finally, that the snow and ice was of uniform slickness, depth and texture on both the sidewalk and the recessed ramp area. In light of these admitted and uncontroverted facts, this case presents a question whether or not as a matter of law defendant had a duty to perform the acts complained of, and from the answer to that question, whether defendant was properly granted summary judgment.

In Illinois, the owner of property is under a duty to exercise ordinary care not to create an unsafe condition with the customary and regular use of the property, *but* he is under no duty to remove ice or snow which have resulted from natural accumulations. (*Foster v. George J. Cyrus & Co.*, 2 Ill.App.3d 274, 278, 276 N.E.2d 38, 41.) Also where accumulations of snow and ice result from natural causes, there is no liability on the property owner for injuries sustained by pedestrians who are injured thereby. (*Riccitelli v. Sternfeld*, 1 Ill.2d 133, 115 N.E.2d 288.) In the case of *Kelly v. Huyvaert*, 323 Ill.App. 643, 56 N.E.2d 638, plaintiff instituted suit to recover damages he sustained through a fall on an ice-covered sidewalk on the premises of the defendants, where they maintained and operated a lunchroom and tavern. The plaintiff went to the tavern to transact business and was therefore a business invitee. There was no question but that this icy condition had existed for several days and that the defendant had knowledge of such condition. At the conclusion of the plaintiff's evidence, defendants filed a motion for a directed verdict which was granted by the court. The plaintiff-appellant insisted that it was the duty of the defendants to remove this ice, or to scatter cinders, sand or some substance on it, so as to avoid the slippery condition of the ice, and that the trial court erred in taking the case from the jury. Thus the fact situation in that case was very similar to the case at bar, and the court in *Kelly* held at 646: "Our attention has been called to no case wherein the property owner has been held liable when the icy condition had been general throughout the neighborhood and was not aggravated, or caused in any way by the property owner, but where the same had been caused by nature. [Citation.] [Therefore] [i]t is our conclusion that the trial court properly directed a verdict in favor of the defendants  *  *  *." Likewise in the case before us, plaintiff failed to mention any cases where a property owner was held liable for injuries

sustained by an invitee who fell on an icy surface caused by the natural accumulation of ice and snow.

Furthermore it has been held essential to a plaintiff's cause of action and a finding of liability that there be an affirmative evidentiary showing that his fall resulted from other than the presence of snow and ice accumulated as a result of natural causes *or* from the aggravation of a natural condition by the defendant property owner. (*Byrne v. Catholic Bishop of Chicago*, 131 Ill.App.2d 356, 266 N.E.2d 708; *Zide v. Jewel Tea Co.*, 39 Ill.App.2d 217, 188 N.E.2d 383.) In *Anderson v. Davis Development Corp.*, 99 Ill.App.2d 55, 241 N.E.2d 222, the defendant attempted to clear ice and snow from his parking lot, but did not remove it all. The plaintiff, a business invitee, was injured in a fall on what snow remained. Plaintiff's complaint and amended complaint were both dismissed for failure to state a cause of action. On appeal the dismissal of the amended complaint was held to be proper because plaintiff did not suggest that the defendant had created an unnatural condition which led to her fall. Similarly in the case at bar, the plaintiff-appellant failed to allege that the accumulation of snow and ice on the sidewalk and entranceway was other than a natural accumulation, or that the defendant created an unnatural condition of snow and ice. Furthermore, the plaintiff's deposition indicates the accumulation was natural.

The plaintiff alleged and now argues that the defendant was negligent in failing to provide adequate illumination and in failing to warn the plaintiff. But this argument is answered by the court in *Newcomm v. Jul*, 133 Ill.App.2d 918, 273 N.E.2d 699, in which case the plaintiff sought damages as a result of a fall on an ice covered sidewalk alleged to have been caused by insufficient lighting. The plaintiff was a business invitee to the defendant's restaurant. The jury returned a verdict for the plaintiff. But on appeal of the court pointed out that a property owner is not liable for injuries sustained by a business invitee in a fall on an icy sidewalk where the condition is a natural one, not caused or aggravated by the property owner, and stated, at 273 N.E.2d 701—2:

> "If liability of a business owner may not be predicated on falls resulting from natural accumulations of ice and snow it follows that the business owner is not required to warn of the presence of such natural accumulations of ice or snow. The duty of warning against a particular condition or hazard co-exist with the corresponding liability for the consequences or hazards of the condition if no appropriate warning is given.
>
> * * *
>
> Absent any evidence that the ice or snow was the result of an

unnatural or artificial accumulation thereof the only inference is that it was a natural accumulation and if so defendant was under no duty of warning (by way of illumination) against the hazards thereof."

Based on the facts available in the present case, it cannot be said that defendant was negligent in failing to provide illumination or warning of the icy condition.

This same reasoning can be applied to plaintiff's other allegations of negligence, the failure to provide adequate safeguards, such as a hand-railing, salt or foot mat. As we have already seen in *Kelly*, there is no duty to scatter cinders, sand or some substance to prevent a slippery condition of ice. And applying the court's reasoning in the *Newcomm* case, since the defendant-appellee is not liable for injuries sustained by his invitees in falls caused by natural accumulations of ice and snow, he cannot be held liable for a failure to provide adequate safeguards to prevent the plaintiff or others from falling.

The cases cited by the plaintiff-appellant do not support his contention that the trial court erred in granting summary judgment. All of the cases cited by the plaintiff may be distinguished from the case at bar on their facts. In *River v. Atlantic & Pacific Tea Co.*, 31 Ill.App.2d 232, 175 N.E.2d 593, plaintiff suffered a fall in the defendant's store as a result of a defect or gap in the rubber matting of a self-opening door. In *Cooley v. Makse*, 46 Ill.App.2d 25, 196 N.E.2d 396, plaintiff sustained injuries from a fall caused by some loose bricks in a brick walk leading from the door of defendant's tavern to the city sidewalk. And in *Ruby v. Wayman, supra*, plaintiff tripped over a projecting leg of a laundry cart left in the aisle of the defendant's store. None of these cases deal with the particular problem of invitees sustaining injuries as a result of falls on snow and ice covered sidewalks or entranceways to a defendant's premises. The only case cited by the plaintiff, where the injury was caused by slipping on snow and ice, involved a situation where, after the last snowfall, the defendant pushed the snow to the edge of a parking lot and with several days of alternate thawing and freezing, some snow would melt and drain across the lot where it froze into ice. (*Fitz Simons v. National Tea Co.*, 29 Ill.App.2d 306, 173 N.E.2d 534.) This however was a case where the defendant aggravated the icy condition and to some extent caused it. This was an entirely different situation from the case at bar, where defendant did nothing to the natural accumulation of snow and ice.

■■ While the plaintiff does not claim that the contour or slope of the entranceway to defendant's store had any causal connection with his fall, construing the complaint in a light most favorable to the plaintiff, we will deal with this issue briefly. Numerous cases have dealt with this

specific situation, where pedestrians have slipped and fallen on snow and ice covered inclines. All have found no liability on the part of the owner of the incline. In *Davis v. City of Chicago*, 8 Ill.App.3d 94, 289 N.E.2d 250, the plaintiff fell on an icy sidewalk which had an incline of 5⅓ inches over a horizontal distance of 51 inches (as opposed to a 2 inch slant over a distance of 54 inches in the case at bar). The court in *Davis* stated at 289 N.E.2d 252:

> "Considering the slight angle of incline, we believe the overwhelming weight of the evidence to have demonstrated that plaintiff's fall was caused not by the slope of the sidewalk, but rather by the snow and ice conditions which were a natural accumulation for which the city was not responsible * * *. [I]t is our conclusion that the incline of the sidewalk in the present case was not inherently dangerous and was so slight as not to have imposed a duty upon the city to have corrected it."

The angle of incline in the case at bar was even less than in the *Davis* case, and no evidence was produced to indicate that it caused the plaintiff's fall. In *Schwartz v. City of Chicago*, 63 Ill.App.2d 416, 211 N.E.2d 477, plaintiff slipped and fell on a driveway traversing a public sidewalk which sloped toward the street. There was no proof that the driveway was defective because of the slope. Furthermore there was no evidence that the driveway's slope was the proximate cause of plaintiff's injury. She said she slipped on ice. The court in *Schwartz* thus stated at 63 Ill. App.2d 423:

> "Plaintiff's theory of recovery in which she combined the icy condition, for which it was impliedly admitted the City was not liable, together with the slope of the driveway which was not proven to be the proximate cause, in our judgment did not create an independent liability on the municipality."

In light of these cases and the fact that there was no evidence that the sloping entranceway had anything to do with his fall, it is our conclusion that the incline of the entranceway did not present such a question of fact so as to preclude a summary judgment.

■■ Considering everything in a light most favorable to the plaintiff, it is our judgment that the defendant in this case had no legal duty to remove the ice and snow on his entranceway, to warn the plaintiff by illumination or any other means, or to provide safeguards against falls, and that, therefore, the trial court was correct in granting the summary judgment.

Judgment affirmed.

CREBS, J., concurs.

18

Mr. JUSTICE GEORGE J. MORAN specially concurring:

I agree that the trial court was correct in granting defendant's motion for summary judgment based on the facts of this case because a storekeeper should have no duty to remove natural accumulations of ice or snow from the entrance to his building when the store is not open for business. However, the majority opinion goes beyond the facts of this case and is authority for the proposition that the owner has no obligation to remove natural accumulations of ice and snow from the vestibules of stores open for business which customers are using for ingress and egress, no matter how long the accumulation has been there and no matter how dangerous the condition. In my opinion we should not go this far, but should confine this opinion to the facts in this case.

None of the cases cited by the majority involves a situation where a customer was injured within the building area. The area where this accident happened was actually on the store premises and if the store had been open for business I am not sure that I would vote to affirm. *Schallinger v. Great Atlantic & Pac. Tea Co.*, 334 Mass. 386, 135 N.E.2d 655.