THE PEOPLE *ex rel.* JUDITH M. SHERMAN, Petitioner-Appellee, *v.* JAMES L. SLATER, Secretary of the Board of Education of Township High School District No. 211, of the County of Cook, Respondent-Appellant.

First District (5th Division)    No. 76-433

Opinion filed September 24, 1976.

Franke and Miller, of Chicago (John H. Hager, of counsel), for appellant.

Michael Kreloff, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the issuance of a writ of mandamus compelling respondent to permit petitioner to inspect and copy the voter affidavits used in an election of Township High School District No. 211, Cook County, Illinois (the School District). At issue is the question of whether affidavits containing the names and addresses of voters at a given school board election should be exempted from the general class of public records so as to deny inspection under The State Records Act (Ill. Rev. Stat. 1975, ch. 116, par. 43.4 *et seq.*) and The Local Records Act (Ill. Rev. Stat. 1975, ch. 116, par. 43.101 *et seq.*).

Petitioner, a resident and registered voter of the School District, sought to inspect the affidavits and copy the names and addresses of all those who had voted in the April 12, 1975, school board election for that district. This information is readily available in the affidavits, as each person entering a polling place to vote is required to sign an "affidavit to vote," which not only contains the individual's name and address but also affirms that the person is a qualified voter and resident of the school district. Ill. Rev. Stat. 1975, ch. 122, par. 9—9.

At the close of the polls, after the votes are counted, the election judges in a school board election are required by section 9—16 of the School

Code (Ill. Rev. Stat. 1975, ch. 122, par. 9—15, 9—16) to return to the Board of Education secretary the following election records: (1) The poll book into which the name of each voter is entered; (2) the tally list containing the number of votes each candidate received; (3) a sealed envelope containing all correctly marked ballots; and (4) a sealed envelope containing all defective and "objected to" ballots. Two of these items, the poll book and the tally list, are filed by the secretary as the "evidence of the election." Section 9—14 of the Code (Ill. Rev. Stat. 1975, ch. 122, par. 9—14) provides that the affidavits to vote required by section 9—9 may be used in lieu of the poll book and, when this is done, they and the tally list must be filed with the secretary of the Board of Education "as evidence of the election." The ballots are required to be retained for six months, then to be destroyed by burning. (Ill. Rev. Stat. 1975, ch. 122, par. 9—16.) No statutory provision, however, is made for the disposition of the voter affidavit lists and the tally lists. Should a losing candidate wish to contest the results of an election, an appropriate petition must be filed within 30 days after the election results are declared. Ill. Rev. Stat. 1975, ch. 46, par. 23—20; ch. 122, par. 9—21.

On October 22, 1975, after being refused permission to view the voter affidavits, petitioner filed this suit in mandamus to compel respondent, as the keeper of records, to produce them for her inspection and copying. Her petition alleged that the common law of Illinois, The State Records Act and The Local Records Act, afforded her this right.

Both parties filed motions for summary judgment, and the trial court granted the motion of petitioner but denied that of respondent, who brings this appeal.

OPINION

■■ There was no contention by either party that a triable issue of fact existed and, thus, the trial court was only to determine which party was entitled to judgment as a matter of law. *Greenwood v. Leu* (1973), 14 Ill. App. 3d 11, 302 N.E.2d 359; *Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 222 N.E.2d 168.

Respondent concedes that the provisions of The State Records Act and The Local Records Act are sufficiently broad to include voter affidavits within the definition of "public records." Nonetheless, he contends that they should be exempted, because to allow the public a right of general inspection of such documents would negate their use as "evidence of the election" in the event of an election contest. He refers us to *Talbott v. Thompson* (1932), 350 Ill. 86, 182 N.E. 784, where it was held that for the evidence of the election to be considered in an election contest, it must be shown that there was no "opportunity for the interference of

unauthorized persons * * *." (350 Ill. 86, 93.) He also calls our attention to *Drolet v. Stentz* (1967), 83 Ill. App. 2d 202, 227 N.E.2d 114, where all the votes in a certain precinct were voided when the number of voter affidavits was less than the number of ballots voted. Accordingly, respondent suggests that to allow access to the voter affidavits could conceivably invalidate the results of an election.

■■ We initially note that a losing candidate who wishes to contest the results of an election must file a petition within 30 days after the election results are declared. (Ill. Rev. Stat. 1975, ch. 46, par. 23—20; ch. 122, par. 9—21.) Here, petitioner's demand for inspection of the documents came after the 30-day challenge period. Thus, our only concern is whether the voter affidavits retained beyond the period in which an election contest could be lodged should be considered exempt from the statutory right to inspect and copy public records. In this regard, we believe the secrecy afforded ballots must be distinguished from the right of access to the voter affidavits. The only information contained in an affidavit is the name and address of the person with an affirmance that he is a qualified voter and resident of the School District. This same information is also on a registration card which, we note, has been expressly declared to be a public record. (Ill. Rev. Stat. 1975, ch. 46, par. 6—35.) Since 30 days had elapsed since the election results were officially declared, and in view of the fact that the same information is obtainable from other public records which are available for examination, we see no merit in respondent's contention that the voter affidavits should be exempt from inspection after the time has passed to contest the election.

Nonetheless, respondent urges that because of the possibility of criminal charges being subsequently filed for making a false affidavit, the court should have precluded inspection. To allow public access after the 30-day period, it is suggested, could make successful criminal prosecution difficult or perhaps impossible because the possibility of tampering might prevent the use of the affidavits as evidence in trial. We note, however, that in a criminal prosecution the State would need only to show through a chain of custody that the documents were substantially the same when offered in evidence as when surrendered by the voter. There is no provision in either The State Records Act or The Local Records Act for a surrender of custody or control of the documents. Those acts only allow a right of access or inspection under the supervision of the custodian who remains in "possession custody and control" thereof. Ill. Rev. Stat. 1975, ch. 116, pars. 43.7, 43.103a.

■■ Respondent finds no fault with the holding in *Crum v. Green* (1966), 68 Ill. App. 2d 246, 215 N.E.2d 817, to the effect that an opportunity to tamper means such access as would enable one to tamper

without the result being observed. He does urge, however, that "The only means by which *any* opportunity for tampering with those voter affidavits can be avoided is to maintain the envelope containing the voter affidavits sealed, safe from any type of inspection." We disagree. It seems to us that tampering may also be avoided by an inspection supervised by respondent, by making copies of the affidavits available for inspection, or by providing copies to the examiner at the latter's expense. By any of these means the integrity of the voter affidavits could be maintained for possible future criminal proceedings. In view thereof, we reject respondent's suggestion that inspection or copying of the voter affidavits should not be permitted after expiration of the time for filing an election contest.

Finally, respondent contends this action would never have been brought but for his courtesy in not destroying the affidavits after their traditional six-month period of retention. He says he did so at the request of petitioner, so that this suit could be brought. We see no merit in this contention. While a statute does provide for the destruction of ballots after a six-month period of retention (Ill. Rev. Stat. 1975, ch. 122, par. 9—16), there is no such statutory provision for the destruction of voter affidavits. We have held that they are not exempt from the provisions of either act after the passage of the time for an election contest, and we believe their destruction must be processed under the applicable provisions of those acts. No six-month period is there established but, rather, a specific procedure is set out for the retention or destruction of public records.

The judgment of the trial court issuing a writ of mandamus compelling respondent to allow inspection and copying of the voter affidavits is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.