(No. 37233.—

CRANE CONSTRUCTION COMPANY, Appellee, *vs.* SYMONS CLAMP & MANUFACTURING COMPANY *et al.*—(THEODORE J. ISAACS, Director of Revenue, *et al.,* Appellants.)

*Opinion filed September 28, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellants.

PERLMAN, HECHT & CHESLER, of Chicago, (MICHAEL M. PHILLIPS and PHILIP R. TOOMIN, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook County holding unconstitutional and invalid certain amendments to the Retailers' Occupation Tax Act and Use Tax Act and ordering the refund of certain moneys paid under protest, and also holding unconstitutional and inapplicable a 1961 amendment to the Protest Fund Act. The appeal is taken directly to this court, since both constitutional questions and the public revenue are involved.

The amendments to the Retailers' Occupation Tax Act and Use Tax Act, which were designed to make such acts

applicable to lease transactions as well as to sales, are the same amendments as are involved in the related case of *International Business Machines Corp.* v. *Department of Revenue,* 25 Ill.2d 503, and the two cases were consolidated for oral argument in this court. Since the present case arose by a somewhat different procedural route and involves certain questions not involved in the *International Business Machines Corp.* case, we have deemed it best to render separate opinions in the two cases.

The plaintiff, Crane Construction Company, is engaged in the business in Illinois of building and contracting and, in connection with that business, it leases from Symons Clamp & Manufacturing Company forms and framing material equipment. No question is raised that these are *bona fide* leases, and prior to September 1, 1961, plaintiff was admittedly not subject to use tax with respect to such leased property. After that date, however, under the 1961 amendments as interpreted by the Department of Revenue, the lessor, Symons Clamp & Manufacturing Company, would be required to collect use tax from Crane and to remit retailers' occupation tax to the Department with respect to such lease transactions.

On November 8, 1961, plaintiff filed a complaint in chancery against its lessor, Symons Clamp & Manufacturing Company, joining as defendants the present appellants, the Director of Revenue, the State Treasurer, and the Attorney General. The complaint challenged the validity of the 1961 amendments and alleged that, unless equitable relief were granted, plaintiff and other similarly situated customers of Symons would be required to pay use tax to Symons under duress, and that, unless restrained, it feared that the lessor would forward the amounts of tax so received to the Department of Revenue without making such payments under protest and without protecting the rights of plaintiff and other members of its class. On November 10, 1961, the trial court entered an order for a temporary

·injunction, enjoining Symons from· paying any tax based on the rental of personal property, other than by paying such tax under protest, requiring the Director of Revenue to notify the State Treasurer of such payment under protest, and enjoining the State Treasurer from paying the receipts of any such taxes paid under protest into any fund other than the protest fund until the further order of the court. On February 15, 1962, the Director of Revenue, State Treasurer, and Attorney General made a motion for the dissolution of the temporary injunction and the discharge of moneys from the protest fund on the ground that no claim for credit had been filed with the Department of Revenue within 60 days after the temporary injunction as allegedly required by section 2a of an act relating to the payment and disposition of monies received for and in behalf of the State of Illinois, hereinafter referred to for convenience as the Protest Fund Act. (Ill. Rev. Stat. 1961, chap. 127, par. 172.) In its final decree, entered April 2, 1962, the court overruled this motion, holding the 1961 amendment to the Protest Fund Act unconstitutional as an attempt to deprive the circuit court of its constitutional original jurisdiction in equity cases. The court also held unconstitutional the 1961 amendments to the Retailers' Occupation and Use Tax Acts extending these taxes to leases, enjoined the enforcement of such taxes against plaintiff and others of its class, and ordered the State Treasurer to turn over the sums paid under protest by Symons to the trustee to be appointed by the court, with the court retaining jurisdiction to carry out the terms of the decree for the benefit of the members of the class of lessees for whose benefit the plaintiff prosecuted the suit.

In the case of *International Business Machines Corp.* v. *Department of Revenue*, 25 Ill.2d 503, we have held that the 1961 amendment to the Retailers' Occupation Tax Act is unconstitutional and void, and that the companion amendment to the Use Tax Act is ineffective. Our decision in that

case is decisive of the substantive merits of this case, unless, as urged by appellants, we should reverse the trial court on a procedural point without reaching the substantive merits. By act approved July 25, 1961, the General Assembly amended section 2a of the Protest Fund Act (Ill. Rev. Stat. 1961, chap. 127, par. 172) by adding thereto the following paragraph:

"If the person who remits the money to the State under protest and secures a temporary injunction which is served within 30 days as hereinbefore provided is entitled, by the particular statute under which he remits the money to the State, to file a claim for credit rather than for a cash refund, and the final administrative decision of the administrative agency with which such claim for credit would be filed is judicially reviewable under the Administrative Review Act, approved May 8, 1945, as amended, the court issuing the temporary injunction shall not hear the case, but the sole purpose of such temporary injunction shall be to hold the protested payment of money in a fund from which it can be refunded to the extent (if any) to which the claim for credit filed with the administrative agency is approved by such agency or by the final order of a reviewing court under the Administrative Review Act. If the authorized claim for credit is not filed with the administrative agency within 60 days after the temporary injunction hereinbefore provided for is secured and served, the court which issued such temporary injunction, either on its own motion or on a motion filed by the State, shall order the State Treasurer to transfer the protested payment of money out of the protest fund and into whatever fund in the State Treasury such money would have been deposited if the money had not been paid under protest in the first instance, and the State Treasurer shall promptly comply with such court order. The same disposition of the protested money shall be made to the extent to which the claim for credit is disallowed by the administrative agency with which such claim is filed and no

suit for judicial review of such administrative decision is filed under the Administrative Review Act within the time allowed by that law, or to the extent to which the reviewing court, if a suit is filed under the Administrative Review Act with respect to the total or partial disallowance of such claim, affirms the decision of the administrative agency disallowing such claim. To the extent to which such claim for credit is allowed, either by the administrative agency with which the claim is filed on its own initiative or pursuant to the final order of a reviewing court under the Administrative Review Act, a certified copy of such administrative or judicial decision approving the claim for credit in whole or in part shall be transmitted by such administrative agency or by the clerk of the court entering such final order, as the case may be, to the court which issued the temporary injunction hereinbefore provided for, whereupon such court shall order the State Treasurer to make the proper refund from the protest fund to the person remitting the money under protest, and the State Treasurer shall promptly comply with such court order. As amended by act approved July 25, 1961. L. 1961, p. 1972, H.B. No. 1139."

Appellants contend that, since no claim for credit was filed with the Department of Revenue within 60 days after the temporary injunction was served, the trial court erred in denying their motion for an order dissolving the temporary injunction and for an order transferring the moneys involved from the protest fund to the general revenue fund, and suggest that we should hold that the trial court erred in denying such motion and reverse the cause with directions to enter an order for the transfer of such moneys from the protest fund to the general revenue fund of the State treasury.

In denying the foregoing motion, the trial court held the 1961 amendment to the Protest Fund Act unconstitutional as infringing upon the jurisdiction of circuit courts in violation of section 12 of article VI of the constitution

of 1870. However, we find it unnecessary, for the purposes of this appeal, to determine the constitutionality of this amendment, for the reason that we believe it to be inapplicable to the plaintiff in this case, and thus the motion was properly denied irrespective of the constitutionality of the provision. The statutory provision, by its terms, applies to cases where the person "who remits the money to the State under protest and secures a temporary injunction * * * is entitled, by the particular statute under which he remits the money to the State, to file a claim for credit rather than for a cash refund, * * *." In the situation here involved, the lessee-plaintiff, Crane, does not remit the money to the State. Instead, it is required to pay the money to the lessor as use tax, and the lessor remits the money to the State as retailers' occupation tax. Under the terms of the Use Tax Act, plaintiff, which is not a retailer and which does not remit money to the State has no standing to file a claim for refund. The 1961 amendment to the Protest Fund Act is, therefore, inapplicable to plaintiff, and there is no necessity for us to pass upon its constitutionality.

In their reply brief, appellants contend that Crane has no standing to challenge the retailers' occupation tax, since that tax is not levied upon Crane but upon its vendors. Since this point was not raised in appellant's initial brief, it has been waived. We think, however, that the contention is without merit. If the retailers' occupation tax were alone involved, the point would be well taken. As applied to this case, however, the contention completely ignores the complementary and interlocking nature of the retailers' occupation tax and the use tax. Although the retailers' occupation tax is not laid on plaintiff, the use tax is. It pays use tax, however, not directly to the State, but to its suppliers, in this case Symons Clamp & Manufacturing Company. Symons collects use tax from Crane and remits retailers' occupation tax to the Department of Revenue. Crane obviously has

standing to challenge the validity and applicability of the use tax and is not compelled to rely upon its lessor, Symons, to protect its interests. To the extent to which the validity of the use tax and its application to plaintiff is dependent upon the validity of the retailers' occupation tax, it may also challenge that tax. In this case, plaintiff has followed an appropriate method for litigating questions which it has a right to have determined.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*