HOUSEWARE ASSOCIATES, INC. *v.* CROWN PRODUCTS COMPANY

[No. 1169A201. Filed September 22, 1970. No petition for rehearing filed.]

*G. Terry Cutter, Rhoads, Linder, Meyer & Buehl,* of Indianapolis, for appellant.

*James K. Sommer, Sommer, Tinkham, Barnard & Freiberger,* of Indianapolis, for appellee.

WHITE, J.—The trial court sustained defendant's demurrer (for want of facts) to plaintiff's amended complaint. On plaintiff's refusal to plead over judgment was rendered against it and plaintiff appeals assigning the sustaining of the demurrer as error.

The pertinent allegations of plaintiff's amended complaint are:

"That the plaintiff entered into the service of the defendant at its request as Manufacturer's Sales Representative, whose duties were to seek customers for defendant's manufactured lines; . . . commencing on or about the year 1935 and being terminated by this defendant on or about April of 1965.

"That defendant agreed to pay to the plaintiff Five Percent (5%) commission as to any sales procured by plaintiff, and did so until said time when plaintiff's services were terminated.

* * *

"That . . . when the defendant terminated plaintiff's services . . . plaintiff had contacted and pursuaded the individuals in charge of certain trading companies to place or list in their national or regional catalogs certain manufactured items of the defendant. . . .

* * *

"That said listings . . . caused . . . sales of the items listed in that as the catalog company customers made orders to said catalog companies for defendant's listed items, said catalog companies would and did in turn order from defendant the items involved. . . .

"That following said time when the defendant terminated the plaintiff's services, and ever since, the defendant has refused and still refuses to pay plaintiff the commissions due on defendant's manufactured items sold through the trading stamp catalog listings as aforesaid; . . . ."

The complaint alleges the amount of such sales and prays judgment in a sum said to be five percent thereof.

We affirm because defendant's refusal to pay commissions on sales made after "the defendant terminated plaintiff's services" is not a clear breach of defendant's agreement or promise "to pay to the plaintiff Five Percent (5%) commission as to any sales procured by plaintiff . . . ."

In other words, the complaint fails to allege that defendant agreed to pay plaintiff commissions on sales made after the contract was terminated. This interpretation of the allegations of plaintiff's complaint is confirmed by the following excerpt from plaintiff's reply brief:

"In . . . its argument appellee (defendant) states that recovery should be denied the appellant (plaintiff) because the oral contract that existed between the parties did not specifically state that appellant (plaintiff) would recover any compensation after the agreement's termination. That the agreement was so silent appellant (plaintiff) admits."

In discussing the essential allegations of a complaint for breach of contract, Dean Gavit makes the statement:

"Whether or not the allegation of a breach is sufficient, of course, turns upon the exact terms of the defendant's promise. Thus in an action against a common carrier for a failure to deliver live stock the plaintiff does not make out a prima facie case by alleging nothing more than a failure to deliver where under the contract of carriage the defendant has only promised to carry safely." 2 Gavit, INDIANA PLEADING AND PRACTICE, § 234, p. 1666.

Plaintiff's arguments attempting to avoid the failure of the complaint to allege a promise or contract to pay commissions on sales made after termination are little more than protests that it is inequitable for plaintiff's work before termination to continue to benefit defendant after termination without also benefiting plaintiff. Plaintiff's suggestion that defendant could have avoided incurring any obligation to continue paying commissions after termination "by refusing to accept any benefits that flowed from the appellant's (plaintiff's) work and effort" is an additional acknowledgment that the promise (contract) pleaded is not a promise to pay commissions on such "benefits" (or sales). At best it is a theory of liability not pleaded. And because it was not pleaded it cannot be considered in determining whether the trial court erred in holding that the complaint failed to state facts sufficient to constitute a cause of action.

The parties have argued the validity of other possible reasons for sustaining the demurrer, including the statute of frauds. Since our decision does not require it, we express no opinion on these other questions.

The judgment is

Affirmed.

Hoffman, P.J., Pfaff and Sharp, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 209.