2 Ill. App.3d 446 (1971)
276 N.E.2d 420
AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Plaintiff-Appellee,
v.
SCENIC STAGE LINES OF SAVANNA, INC., a/k/a SCENIC STAGE LINES OF IOWA, INC. et al., Defendants-Appellants.
No. 70-224.
Illinois Appellate Court  Second District.
December 7, 1971.
Smith, Smith & Smith, of Savanna, Stewart R. Winstein, and Dorothy O'Dean, both of Rock Island, for appellant.
Baker and McKenzie, of Chicago, and Nack, Richardson and Nack, of Galena, for appellee.
Judgment affirmed.
Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:
On May 12, 1970, defendants-appellants Scenic Stage Lines of Savanna, Inc. and Roger J. Crow executed and delivered to Hausman Bus Sales, Inc. their confession note for $80,000.00 made payable in one installment on June 26, 1970, to secure the purchase of certain used buses. The note *447 bore the following printed words on the reverse side thereof, with the exception of the signature of "Eugene Tarkoff, Sec-Treas.", which was handwritten:
 ENDORSEMENT
 Pay To the Order of
 American National Bank
 and Trust Company of Chicago
 ___________________________________
 (Endorser)
 ___________________________________
 (Endorser)
 ___________________________________
 (Seller)
 By /s/ Eugene Tarkoff Sec-Treas.
 (Title)
The note was placed in judgment on July 24, 1970, by appellee-plaintiff American National Bank & Trust Company of Chicago who alleged in their complaint ownership of said note.
On August 7, 1970, defendants filed their motion to vacate alleging that the face of the complaint and the note disclosed that Hausman Bus Sales, Inc. did not endorse said note and that plaintiff was not the legal holder at the time judgment was taken. They further alleged that defendants had a meritorious defense and supported their allegations by the affidavits of Lawrence A. Smith, Jr., their attorney, and by the defendant, Roger J. Crow, President of Scenic Stage Lines of Savanna, Inc. The alleged defense was a claimed breach of an agreement to make certain repairs and to guarantee the working condition of the buses and to deliver and keep said buses in operating condition. The affidavit of Roger Crow also asserts that plaintiff Bank had at all times known of said claims. Plaintiff filed the counter-affidavit of Eugene Tarkoff, Secretary-Treasurer of Hausman Bus Sales, Inc., stating, among other matters, that the note in question had, on May 13, 1970, been assigned, endorsed and delivered to plaintiff and that on June 28, 1970, Hausman Bus Sales, Inc. had received a letter dated June 27, 1970, from Scenic Stage Lines of Savanna, Inc. indicating the presence of certain problems with reference to functioning of the buses.
*448 The trial judge found that defendants' affidavits and motion did not disclose a prima facie defense and denied the motion to vacate, and confirmed the judgment.
On appeal the defendants claim that the trial judge abused his discretion in refusing to open the judgment by confession in that (1) defendants had shown by their affidavits a meritorious defense to plaintiff's demand, (2) in the alternative, the defendants had a counterclaim against plaintiff's demands, and (3) that plaintiff was not the legal holder of the note in question in that the purported endorsement was legally insufficient.
 1 In its reply brief plaintiff also claimed that the note in question was not a negotiable instrument because it allegedly authorized confession of judgment before maturity. This point was not raised at the trial court level or in appellant's initial brief; it has, therefore, been waived. Crane Construction Co. v. Symons Co., 25 Ill.2d 521, 527. Sup. Ct. Rule 341(e)(7).
Defendants' contention that the trial judge should have permitted the filing of a counterclaim and stayed proceedings until disposition thereof under the provision of Supreme Court Rule 276 is without merit. Defendants' motion to vacate and supporting affidavits at best may disclose a counterclaim against Hausman Bus Sales, Inc. but in no way would constitute a basis of a counterclaim against the plaintiff Bank. Nor did the defendants ever make any such motion for leave to file a counterclaim and stay proceedings on the judgment at the trial court level.
The defendants' assertion that the plaintiff Bank is not the legal holder of the note in question is based solely on the fact that the alleged endorsement on the back of the note is signed only by "Eugene Tarkoff, Sec-Treas." without any reference to the legal entity which he purportedly represents. They do not otherwise deny the plaintiff is the owner of the note, nor do they deny the validity of the signatures on the note or the authority of Tarkoff to act for Hausman Bus Sales, Inc., or that value was paid, nor do they claim fraud. Defendants do assert and contend defenses against Hausman Bus Sales, Inc., the payee on the note, and that the plaintiff had notice of these defenses at all times.
Ordinarily, therefore, under Section 3-307(2) of the Uniform Commercial Code, where the signatures are admitted, production of the instrument entitles a holder to recover on it unless defendant establishes a defense. According to the commentator's notes, this subsection goes further than Sec. 59 of the NIL, which it replaces. Under Sec. 59 of the NIL the Illinois courts had long held that it is the established doctrine of this state that, in the absence of proof to the contrary, the endorsee is presumed to have taken it (the note) in due course before maturity for *449 value and in good faith, and he who questions the fairness of the transaction must, to defeat recovery, show that it was obtained by fraud and circumvention. Wells Manufacturing and Merchant's Life Association 1920, 213 Ill. App. 549, 551.
The initial question here, however, is whether or not a note made payable to a corporation by its corporate name can be legally endorsed by the signature of an individual followed by a description of his position but without reference in the endorsement itself to the entity for which he purports to act. The Illinois Uniform Commercial Code does not deal directly with this issue. Article 3 of the Code dealing with liability of parties does provide in Sec. 3-403  Signature by Authorized Representative  that where the instrument names the person represented and the representative signs in a representative capacity, the representative is not liable. In the Code comment on this section (chap. 26, Smith Hurd Illinois Annotated Statutes, p. 224) the commentator points out that the unambiguous way to make the representation clear is to sign "Peter Pringle by Arthur Adams, Agent" but that any other definite indication is sufficient as where the instrument reads "Peter Pringle promises to pay" and it is signed "Arthur Adams, Agent." There is a strong inference to be drawn from section 3-403 that where the note names the corporation as payee that an endorsement signed by its agent in his own name, followed by a description of his position, is a sufficient indication that the individual signer is acting as agent for the named payee and that such an endorsement is legally sufficient. To hold otherwise would place the plaintiff Bank in the anomalous position of not being able to bring suit against Scenic Stage Lines, the maker of the note, because the endorsement is legally insufficient to convey any rights to the Bank against the maker, and also to deny the plaintiff Bank any rights against Tarkoff as an individual endorser because of the terms of section 3-403 of U.C.C.A. Such a result would seem to be untenable.
Admittedly, there is not a great deal of case law on this particular form of endorsement. Probably, because an endorsement is seldom made in this manner, and it obviously is not the recommended method of doing so. Such case law as there is in Illinois would suggest the holding that the endorsement in this case is legally sufficient to pass title to the plaintiff Bank as a holder in due course.
The Illinois Supreme Court passed on this question in 1848 in the case of McIntyre v. Preston, 10 Ill. 48. In that case the note was payable to the corporation, Ocean Insurance Company and endorsed "without recourse, Joel Scott, Secy." At the trial it appeared that plaintiff had filled in the endorsement with the corporate name. The defendant in that case made the same contention as made here, to-wit, that such an endorsement *450 does not purport to be that of the company and it was upon its face wholly insufficient to transfer legal title in the note. The court faced two questions: was the endorsement sufficient, and, secondly, did plaintiff have authority to fill it in on trial. Some slight ambiguity is present in the court's decision since it answered both questions in the same sentence stating that the endorsement was sufficient to pass the legal interest in the note, when properly filled up, which plaintiff had the right to do upon trial. The reasoning of the court makes rather clear that it answered both questions in the affirmative.
Any doubt, however, would appear to be resolved by the Supreme Court in the case of Hately v. Pike, 162 Ill. 241. In this case a corporate note was made payable to its own president in the following manner: "Pay to the order of Adolph Pike, President" and was endorsed, "Pay to the order of Walter C. Hately, (s) Adolph Pike, President." The court rejected the contention that the corporation was the payee and the endorsee and held the word "President" following the name of "Adolph Pike" a mere descriptio personae. The court makes clear, however, at page 246 that if the note were payable to the corporation by its corporate name and then endorsed "Adolph Pike, President" it would be sufficient.
The court cites with approval Daniel on Negotiable Instruments (4th Ed. Vol. 1, Sec. 416):
"Where a note is payable to a corporation by its corporate name, and is then endorsed by an authorized agent or official, with the suffix of his ministerial position, it will be regarded that he acts for his principal who is disclosed on the paper as payee and is therefore the only person who can transfer the legal title."
 2 And finally, it must be kept in mind that the basic question to be decided, since this is a motion to vacate a judgment, is whether or not the trial judge abused his discretion in denying the motion. Defendants neither in their motion or in their affidavits denied or challenged the position or authority of Tarkoff as Secretary-Treasurer of Hausman Bus Sales, Inc. To the contrary, the affidavit of Tarkoff that he was Secretary-Treasurer of Hausman Bus Sales, Inc. stands uncontested. It cannot be said that the trial judge abused his discretion in finding the endorsement valid.
One question remains. Did the motion of defendants to vacate and their supporting affidavits raise a question of fact as to whether or not the plaintiff Bank had notice of defendants' alleged defenses against Hausman Bus Sales, Inc. at the time the note was negotiated? According to the affidavit of Eugene Tarkoff, the note was endorsed and delivered to the plaintiff on May 13, 1970. This is not denied by defendants.
 3 The only assertion of notice to the plaintiff Bank is contained in *451 the affidavit of defendant Roger J. Crow who asserts that plaintiff Bank at all times knew of the claims of Scenic Stage Lines of Savanna, Inc. that Hausman Bus Sales, Inc. had breached its agreement of May 12, 1970. This is a conclusionary statement and violates the requirement of Illinois Supreme Court Rule 191 that such affidavit "shall not consist of conclusions but of facts admissible in evidence." But more important, a careful review of the affidavits of defendants discloses no factual assertion that such defenses as claimed were in existence on May 13, 1970 (the day the note was negotiated and one day after the contract was executed). To the contrary, the very nature of the defenses and claims asserted would indicate that they arose at a later date. If the defenses did not exist on May 13, 1970, it cannot be claimed in good faith that the plaintiff had notice of them.
We find that the trial judge did not abuse his discretion in denying defendants' motion to open and vacate judgment.
Objections of appellants to motion of appellee for leave to file supplemental memorandum were overruled and leave granted to appellee to file said memorandum.
Judgment affirmed.
MORAN and SEIDENFELD, JJ., concur.