THE PEOPLE *ex rel.* CARL RAPPAPORT, Petitioner-Appellant, *v.* ALAN A. DRAZEK, Director of Personnel of the State of Illinois, *et al.,* Respondents-Appellees.

(No. 60156;

First District (2nd Division)—June 24, 1975.

Kleiman, Cornfield & Feldman, of Chicago (Gilbert A. Cornfield and Jacob Pomeranz, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Petitioner, Carl Rappaport, brought an action in the circuit court of Cook County, seeking the issuance of a writ of mandamus to compel respondents, Alan A. Drazek, Director of Personnel of the State of Illinois, and John M. Linton, Administrator of the Bureau of Employment Security (Bureau) to appoint petitioner to the position of Accountant V in the Bureau, or alternatively, to appoint an individual from a Civil Service Register dated December 10, 1970.[1] Respondents filed a motion for summary judgment, with attached affidavits. Petitioner replied to respondents' motion with counteraffidavits. Thereafter, petitioner was granted leave to file an amended petition for issuance of a writ of mandamus. Respondents replied to the amended petition with another motion for summary judgment, again attaching affidavits. Petitioner did not respond to this subsequent motion, apparently relying on his earlier

---

[1] Although an eligible list of December 12, 1970, is occasionally referred to in the proceedings below, it appears that the correct date is December 10, 1970.

counteraffidavits. The trial court, after hearing arguments on this subsequent motion, granted summary judgment in favor of respondents. This appeal follows.

The only issue presented on appeal is whether the trial court was correct in concluding that the pleadings, affidavits and exhibits presented no genuine issue as to any material fact, and that as a matter of law, petitioner had failed to establish an unqualified right to the writ of mandamus.

Petitioner was an employee of the Bureau, classified as an Accountant IV. On December 10, 1970, a Civil Service Register of persons eligible for promotion to the position of Accountant V was posted. The December 10 register, which was to remain in effect for 2 years, did not assign each individual a separate numerical rating. Rather, the December 10 register placed the applicants in ranked groups. Petitioner and eight others were placed in the highest group.

On December 31, 1970, Walter Polinski, classified as an Accountant V, retired from the Bureau. However, Polinski did not cease working for the Bureau that day, but instead, on January 4, 1971, pursuant to section 14—125 of the Illinois Pension Code, accepted temporary employment as an Accountant V for 75 additional working days. (Ill. Rev. Stat. 1969, ch. 108½, par. 14—125.) Polinski worked all 75 days, finishing on April 15, 1971.

By affidavit, petitioner stated that for a period of 2 to 3 weeks during the additional 75 days that Polinski was temporarily employed, Polinski trained petitioner under the assumption that petitioner would succeed Polinski. In an exhibit submitted by petitioner, it was alleged that several procedural steps were taken within the Bureau to finalize the promotion of petitioner to Accountant V.

Subsequently, however, respondent Linton, Administrator of the Bureau, concluded that the December 10 register of eligibles did not reflect all those persons qualified as Accountant V and that the knowledge of Polinski's retirement would encourage others to participate in an examination. Consequently, he requested that another Accountant V examination be offered. Respondent Drazek, Director of Personnel, agreed and another examination was held.

On March 9, 1971, a new register of persons eligible for promotion to Accountant V was issued. Again, that register did not rank each individual separately, but placed the applicants in ranked groups. This time, the highest ranked group, of which petitioner was again a member, consisted of 22 individuals.

On April 1, 1971, on the recommendation of respondents, an individual,

other than petitioner, listed on March 9, but not listed on December 10, was promoted to Accountant V.

In his amended complaint, petitioner alleged that since February 6, 1971, pursuant to Administrative Bulletin No. 622, he has requested his supervisors and the Administrator of the Bureau for the reasons why he was not selected for promotion, but that, to date, he has not been afforded a response.

Petitioner later requested and was granted a grievance hearing. After a review of the applicable statutes and rules, the grievance panel concluded that they could not question the Administrator's authority to call for another examination. However, despite that finding, they recommended that consideration be given to whether the second examination violated the "intent" of the Personnel Code. They further concluded that based on their understanding of the intent of the Personnel Code, a selection to fill the Accountant V vacancy should have been made from the December 10 register, and that based on the recommendations of his supervisors, petitioner should have been selected. In response to the panel's recommendations, respondent Drazek stated that the Administrator of the Bureau could have properly concluded that the December 10 register was unrepresentative of the interest of many of the employees of the Bureau who might be qualified for the position of Accountant V. To thus provide a more representative register, a new examination was offered and new names were added to the list. Respondent Drazek concluded that the Personnel Code allows the supplementing of current eligible lists. As such, the Administrator of the Bureau could properly ask for another examination. He found the procedures followed to be proper and denied the grievance.

The circuit court entered summary judgment in favor of respondents and denied petitioner's request for a writ of mandamus. That order is now before us.

The purpose of a summary judgment procedure is to determine whether a genuine and material dispute of fact exists. (*Wilson v. Illinois Bell Telephone Co.,* 19 Ill.App.3d 47, 310 N.E.2d 729.) Summary judgment should be allowed if there is no genuine issue as to any material fact and the moving party is entitled to the judgment as a matter of law. (*Greenwood v. Leu's IGA Food Liner,* 14 Ill.App.3d 11, 302 N.E.2d 359.) Where the record presents purely questions of law, the trial court may properly enter summary judgment. *Reconstruction Finance Corp. v. Lucius,* 320 Ill.App. 57, 49 N.E.2d 852.

■■ In the instant case, the facts are, in all material respects, undisputed. As petitioner admits in his brief filed in this court, this case will

turn on the construction given to certain provisions of the Personnel Code and certain rules of the Department of Personnel. As such, pure questions of law were presented to the trial court and consequently, summary judgment was the proper procedure.

■■  Petitioner requested a writ of mandamus. Mandamus is not a writ of right; rather, it is an extraordinary remedy and the party seeking the writ must show a clear legal right to the relief requested. (*Ganley v. City of Chicago,* 18 Ill.App.3d 248, 309 N.E.2d 653.) Mandamus commands the officer or body to whom it is directed to perform some specific duty which petitioner is entitled, of right, to have performed and which the party owing the duty has failed to perform. (*People ex rel. American National Bank & Trust Co. v. Smith,* 110 Ill.App.2d 354, 249 N.E.2d 232.) It necessarily follows that where performance of an official duty or act invokes the exercise of judgment or discretion, the officer's action is not subject to review or control by mandamus. (*People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark,* 12 Ill.2d 515, 147 N.E.2d 89.) Mandamus will not lie to review a discretionary act of an administrative agency, a department head, or the Civil Service Commission. *People ex rel. Ballinger v. O'Connor,* 13 Ill.App.2d 317, 142 N.E.2d 144.

In the instant case, petitioner's request for a writ of mandamus is premised essentially on the argument that respondents should not have held a second examination for the position of Accountant V when there was already one eligible list in existence. Petitioner argues that the December 10 register contained nine individuals in the highest possible group and that since that list was to be in effect for 2 years, respondents could not order another examination. However, the Personnel Code (Ill. Rev. Stat. 1969, ch. 127, pars. 63b101 *et seq.*), clearly gives the Director of Personnel the power and *discretion* to add to current eligible lists. In relevant part, section 8b.1 of the Personnel Code provides that:

> "The Director may, however, in his discretion, continue to receive applications and examine candidates long enough to assure a sufficient number of eligibles to meet the needs of the service and may add the names of successful candidates to existing eligible lists in accordance with their respective ratings." (Ill. Rev. Stat. 1969, ch. 127, par. 63b108b.1.)

It is clear that the Director of Personnel is vested, by law, with a discretion to call for additional examinations and to add additional names to the eligible lists.

That the Director has this discretion is admitted throughout petitioner's pleadings and briefs. In fact, petitioner attached to his amended petition for a writ of mandamus the report issued upon completion of his grievance hearing. In that report, the grievance panel stated:

"The Administrator, on the basis of judgment, made the decision that he desired a larger number of candidates, from which to make the selection. As the panel we may question the reasoning because of the number of eligibles on the 'A' category; however we cannot question his authority to make this judgment."

We agree with petitioner that the Director has discretion in the matter of calling for additional examinations. And since the law is absolutely clear that mandamus will not lie to compel an exercise of an official's discretion (*People ex rel. Elmore v. Allman*, 382 Ill. 156, 46 N.S.2d 974; *People ex rel. Goldfarb v. White*, 54 Ill.App.2d 483, 203 N.E.2d 599), petitioner had no clear legal right to the relief sought and thus, mandamus was properly denied.

Petitioner argues that assuming the Director had the right to call for additional examinations, in this case, such action was an abuse of his discretion. Petitioner contends that the December 10 register had nine individuals in the highest category and thus, there was no need to add additional names to "assure a sufficient number of eligibles to meet the needs of the service." (Ill. Rev. Stat. 1969, ch. 127, par. 63b108b.1.) In this regard, petitioner also relies on section 8b.5 of the Personnel Code which provides:

"For the appointment of the person standing among the 3 highest on the appropriate eligible list to fill a vacancy, or from the highest ranking group if the list is by rankings instead of numerical ratings * * *." (Ill. Rev. Stat. 1969, ch. 127, par. 63b108b.5.)

Petitioner argues that section 8b.5 indicates that three available eligible candidates is, by legislative decree, a "sufficient number of eligibles to meet the needs of the service." Petitioner concludes that because the December 10 register had nine individuals in the highest category, the Director did not have the discretion to call for another exam.

■■ We first note that petitioner never advanced this "abuse of discretion" theory in his amended petition for the writ of mandamus but instead contended that respondents' actions were contrary to the statutes and the rules and practices of the Department of Personnel. Consequently, he cannot be allowed to advance it on appeal for the first time. *Benson v. Isaacs*, 22 Ill.2d 606, 177 N.E.2d 209.

However, even assuming that petitioner's theory was advanced below, petitioner's argument is unpersuasive. Petitioner merely asserts that since the December 10 register contained nine individuals in the highest category, that number was, by itself, a sufficient number from which to fill one vacancy. Petitioner overlooks the circumstances which existed when the second examination was called for. The final date for applications for the December 10 register was January 31, 1970. Polinski did not an-

nounce his retirement until December 1970. Thus, in January 1970, it was impossible for all those individuals in the Bureau who might be qualified as Accountant V to know that a vacancy would soon occur. It was thus entirely reasonable for the Administrator to conclude that the December 10 register did not reflect all those persons who might be qualified as Accountant V, and that the knowledge of Polinski's retirement would encourage others to participate in an examination. That this was in fact true is supported by the increased number of individuals (9 to 22) in the highest category of the March 9, 1971, register.

Similarly, petitioner's reliance on section 8b.5 is misplaced. Petitioner ignores the fact that section 8b.5 contains two independent provisions. The minimum requirement of three candidates applies only when each individual is ranked by a separate numerical grade. Section 8b.5 contains no such provision when the eligibles are ranked by groups. Where, as here, the eligibles are ranked by groups, section 8b.5 allows the appointment to be made from the entire highest ranking group, which will, as here, often contain more than three individuals. Moreover, there is absolutely no indication of any legislative intent that section 8b.5 was meant to limit the discretion granted the Director in section 8b.1. The minimum requirement of three individuals simply had no application to the instant case.

■■ The petitioner has offered nothing more than his personal opinion that the nine individuals contained in the December 10 register was a sufficient number from which to fill the Accountant V vacancy. However, in calling for another examination, the Director could properly rely on the discretion granted in section 8b.1, on the fact that the December 10 register was based on an examination given almost a year earlier, and on the possible increased participation in a new exam based on the recent knowledge that there would soon be an Accountant V vacancy. This was not a situation where the Director called for a new exam merely to give one specific or favored individual an opportunity for promotion. Rather, the March 9 register contained an additional 13 individuals. On the basis of this record, the Director did not abuse the discretion granted him in section 8b.1.

■■ Petitioner next argues that respondents violated departmental rules and practices by not using the eligible list in effect at the time the vacancy was created. In this regard, petitioner contends that the vacancy occurred on December 31, 1970, when Polinski "retired." Initially, it must be noted that petitioner offers no argument or authority for this conclusion. In fact, it could just as facilely be argued that the vacancy occurred on April 15, 1971, when Polinski actually stopped working. In any event, there is no such rule or practice that respondents are limited to eligible

lists in effect at the time a vacancy occurs. Petitioner points to Rule 2—130 of the Civil Service Commission and to Administrative Bulletin No. 622 of the Bureau. It would serve no useful purpose to set out these lengthy provisions. Suffice it to say that a reading of both provisions clearly reveals no such limitation. Consequently, respondents cannot be restricted to any such procedure.

■■ Finally, it must be noted that in his reply brief, petitioner argues that he was not informed of the reasons why he was not selected for the Accountant V vacancy even though he requested such information. Petitioner relies on Administrative Bulletin No. 622 of the Bureau for his right to request such reasons and for the respondents' duty to provide such information. Petitioner failed to raise this argument in his initial brief. Consequently, we do not have the benefit of the respondents' reply to this argument. Supreme Court Rule 341(e)(7) clearly states that:

> "Points not argued [in appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." (Ill. Rev. Stat. 1969, ch. 110A, par. 341(e)(7).)

Rule 341(e)(7) has been consistently applied in order to insure that issues on appeal are fully and properly presented and argued. Petitioner failed to raise this argument in this initial brief or to provide authority for this argument in his reply brief. Consequently, it is considered waived. *Crane Construction Co. v. Symons Clamp & Manufacturing Co.*, 25 Ill.2d 521, 185 N.E.2d 139; *American National Bank & Trust Co. v. Scenic Stage Lines of Savanna, Inc.*, 2 Ill.App.3d 446, 276 N.E.2d 420; *Sarelas v. Alexander*, 132 Ill.Apu.2d 380, 270 N.E.2d 558.

Mandamus will not lie to compel the exercise of an official's discretion. Respondents were vested, by statute, with the discretion to call for further examinations and add to the current eligible register. Petitioner has failed to establish an abuse of that discretion. On the basis of the undisputed facts, the trial court properly entered summary judgment denying the writ of mandamus.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.