Leonard Sandberg, d/b/a Sandberg Engineering Company, Plaintiff-Appellant, v. American Machining Company, Defendant-Appellee.

(No. 58913;

First District (1st Division)—August 4, 1975.

. Beverly, Pause, Duffy & O'Malley, of Chicago, and William K. Bennett, of Lafayette, Indiana (Frank J. Pause, John M. Murray, Dom J. Rizzi, and Jack R. Pine, of counsel), for appellant.

John S. Kavanaugh, of Chicago (William T. Regas, of counsel), for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

The plaintiff appeals from an order dismissing his amended complaint for breach of contract.

The complaint and agreed supplement thereto disclose the following: The plaintiff has been engaged as a manufacturer's representative for 22 years. In this capacity he entered into an oral agreement with Joseph A. Cairo, president of the defendant, American Machining Company, engaged in the business of manufacturing certain machine products, whereby the plaintiff was to be paid commissions at the rate of 5 percent of gross sales for obtaining business for the defendant consisting of screw machine work from Ross Gear & Tool Company of Lafayette, Indiana (Ross), and at the rate of 3 percent for obtaining piston rod work. This oral agreement was adhered to by the parties from the date of its inception in September of 1955 through 1964; pursuant to that agreement the plaintiff obtained screw machine and piston rod work from Ross for the defendant. The defendant paid the plaintiff commissions for the business obtained from Ross from 1955 through 1964, but refused to pay commissions to the plaintiff for sales made by the defendant to Ross since 1965 although the defendant continued to do screw machine and piston rod work for Ross. The duration or term of the plaintiff's employment under the oral agreement was not fixed or definite as to time. The plaintiff's employment was terminated in the fall of 1964 when he was informed by the defendant of his termination and given 6 weeks' notice of termination effective January 1, 1965. The defendant paid the plaintiff for all commissions and monies due the plaintiff as of December 31, 1964. The plaintiff did not procure any new business or do any work for the defendant since the date of termination, January 1, 1965.

Although the defendant has raised a number of arguments to support the trial court's holding, we deem it necessary to discuss only one. The pleadings establish that the plaintiff did not procure any sales after January 1, 1965. That being so, the defendant contends that the failure to plead an express agreement for compensation for sales made subsequent to the termination of the employment contract is fatal to the complaint.

In *Groome v. Freyn Engineering Co.*, 374 Ill. 113, 28 N.E.2d 274, the plaintiffs entered into an agreement with the defendant for a total of 3 years during which the plaintiff was to procure business for the defendant and receive a commission. They did procure business with agencies of the Russian government for which they were paid. Subsequent to the termination of their employment agreement, the defendant negotiated more business with the same Russian agencies and the plaintiff sued for the commission on those sales. The supreme court reversed the judgment for commission on subsequent sales on the ground that the contract of employment did not contain a special agreement to pay commission on sales made after the termination of the employment contract.

In a similar factual setting in *Wood v. Hutchinson Coal Co.* (4th cir. 1949), 176 F.2d 682, 684, 12 A.L.R.2d 1352, the court said:

"It is conceded that Wood had nothing to do with the negotiation or execution of the second five-year contract between Hutchinson and Milwaukee; he did not make the sale and did not accomplish the specific result upon which the payment of the commission was conditioned. An attempt is made to meet the requirements of Section 448 [of the Restatement of Agency] by advancing the theory that Milwaukee was Wood's customer and hence Wood was entitled to commissions on all Milwaukee's purchases. This position, however, cannot be maintained. For obtaining the customer and making the first sale Wood was entitled to and was paid the agreed commissions, but that situation did not continue indefinitely. It is well established that the successful negotiation of a contract by an agent does not give him a right to commissions on a renewal, which he does not secure, in the absence of an express contract to that effect. [Citations.]"

In *Houseware Associates, Inc. v. Crown Products Co.* (1970), 147 Ind. App. 504, 262 N.E.2d 209, 210, the trial court dismissed a complaint for sales commissions on the ground it did not state a cause of action. The appellate court of Indiana affirmed because the complaint failed "to allege that defendant agreed to pay plaintiff commissions on sales made after the contract was terminated."

These cases are clear authority supporting the defendant's position because the plaintiff did not plead an express agreement covering subsequent sales. The plaintiff did not file a reply brief in response to the authorities cited by the defendant. In oral argument his attorney accepted their validity and application but maintained that this argument had not been raised in the trial court and should not be considered by this court.

As a general rule, a judgment may be sustained by any argument and

on any basis appearing in the record which demonstrates that the judgment is correct. (*Shaw v. Lorenz,* 42 Ill.2d 246, 248, 246 N.E.2d 285; *Miller v. Chicago Transit Authority,* 78 Ill.App.2d 375, 223 N.E.2d 323.) The plaintiff argues, however, that the rule is otherwise when motions to strike pleadings are involved, reasoning that the Practice Act requires that a motion to dismiss a pleading for legal insufficiency must specify wherein the pleading is deficient (Ill. Rev. Stat. 1973, ch. 110, par. 45(2)); and that the purpose of this requirement is to allow the party whose pleadings are attacked an opportunity to prepare a response or to amend the complaint in order to satisfy the objection. *Berry v. G. D. Searle & Co.,* 56 Ill.2d 548, 556; 309 N.E.2d 550.

■■■ The plaintiff's argument must be rejected for a number of reasons. First, precedent is against him. It has been consistently held that it makes no difference what led to the conclusion that the complaint should be dismissed, as the order may be sustained on any basis found in the record (see *Bauscher v. City of Freeport,* 103 Ill.App.2d 372, 375, 243 N.E.2d 650, and cases cited therein); and if a complaint fails to state a cause of action, an objection may be made to it for the first time on appeal (*Psyhogios v. Village of Skokie,* 4 Ill.App.3d 186, 191, 280 N.E.2d 552). Second, the record does not contain a report of proceedings; and we are unable to determine what was argued or the reason for the court's ruling. Where the record is incomplete, a reviewing court will indulge every reasonable presumption favorable to the judgment, order or ruling appealed from. It will presume that the missing portion contained that which justified the action of the court. Any doubt arising from the incompleteness of the record will be resolved against the appellant. (2 I.L.P. *Appeal and Error* § 713 (1953); *Halperin v. Darling & Co.,* 80 Ill.App.2d 353, 358, 255 N.E.2d 92.) A party prosecuting an appeal must furnish a record sufficient to establish reversible error. (*Maborn v. Moyers,* 26 Ill.App.3d 231, 233, 325 N.E.2d 47.) In other words, the burden is on the plaintiff to prove that the trial judge did not have before him the point now raised before us; and, after considering the specific allegations in the motions to dismiss in the light of the absence of the report of proceedings, we conclude that he has not met this burden. Third, we believe the amendment to the motion to dismiss to be sufficiently specific on the point now raised in that it stated that the plaintiff "was not the procuring cause of any new business or did not earn any commission or monies for the years 1965 to the present date"; and that the pleadings "do not allege a cause of action enforceable at law."

■■ The plaintiff also contends that the defendant was filling orders after January 1, 1965, which had been acquired by the plaintiff before

the termination of his employment. This contention was never pleaded in the trial court and not raised in the plaintiff's brief. He first raised this point at oral argument; consequently, it is deemed waived. *American National Bank & Trust Co. v. Scenic Stage Lines,* 2 Ill.App.3d 446, 450, 276 N.E.2d 420.

For these reasons the order of the circuit court is affirmed.

Order affirmed.

GOLDBERG and SIMON, JJ., concur.