SAMUEL H. YOUNG et al., d/b/a SKOKIE VALLEY PROFESSIONAL BUILDING, Plaintiffs-Appellants, v. JOEL A. KAPLAN, M.D., Defendant-Appellee.

(No. 56431;

First District—October 4, 1972.

Samuel H. Young Professional Corporation, of Chicago, (Samuel H. Young and John D. Cummins, of counsel,) for appellants.

Harvey J. Barnet, of Chicago, (Rosenthal & Schanfield, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff-landlord, Skokie Valley Medical Center Building, Inc., brought an action to recover rent from defendant-tenant, Dr. Joel A. Kaplan. The complaint was later amended to substitute Samuel H. Young and John J. O'Brien, d/b/a Skokie Valley Professional Building, an Illinois co-partnership, for the original plaintiff. The jury returned a verdict for the defendant upon which the court entered judgment. The issues presented for review are (1) whether the trial court erred in not entering a directed verdict at the close of defendant's case or at the close of all the evidence or a judgment notwithstanding the verdict in that defendant failed to sustain his burden of proof that the premises were not ready for occupancy and (2) whether the trial court erred in instructing the jury on the meaning of "not ready for occupancy" under the law. A brief statement of the facts follows:

On June 19, 1964, plaintiffs entered into a lease with defendant for certain premises, to be used as medical offices, in the Skokie Valley Medical Center, which was then under construction. The lease was for five years, beginning November 1, 1964, for a term rental of $22,260 payable in monthly installments of $371.00.

A typewritten paragraph in the rider attached to the lease provided that the tenant had the right to terminate the lease if the premises were not ready for occupancy by November 1, 1964. Defendant and Stanley Weinberger visited the premises in question on November 1 and Novem-

ber 2, 1964. Defendant took pictures of the medical offices during the above visits, which were admitted into evidence.

Defendant testified that on November 2, 1964, there was no water, heat or electricity in his offices. The plumbing was not fully installed, the electrical work was not completed and the offices were dirty. Stanley Weinberger corroborated defendant's testimony concerning the condition of the medical offices.

Ray Herbst, construction superintendent for the Skokie Valley Medical Center, testified on behalf of the plaintiffs. Herbst basically contradicted the defendant's testimony concerning the condition of the medical offices as of November 1, 1964, except for his statement that there were dangling wires and holes in the ceiling in the offices.

On November 2, 1964, the defendant terminated the lease pursuant to his right to terminate, set out in the typewritten rider attached to the lease.

Plaintiffs' first contention was that the trial court erred in not entering a directed verdict at the close of defendant's case or at the close of all the evidence or a judgment notwithstanding the verdict in that defendant failed to sustain his burden of proof that the premises were not ready for occupancy.

Pictures of the offices were received into evidence. The pictures showed that the offices were not completed as of November 2, 1964. Defendant testified that the plumbing and electrical systems were not completely installed. The offices were dirty and full of debris. There was no water, heat or electricity. Stanley Weinberger corroborated defendant's testimony concerning the condition of the offices as of November 2, 1964.

The typewritten rider attached to the printed lease provided that if the offices were not ready for occupancy by November 1, 1964, the tenant shall have the right to terminate the lease. On November 2, 1964, defendant terminated the lease pursuant to the above rider provision. Plaintiffs contend that defendant has failed to sustain his burden of proof that the premises were not ready for occupancy.

■■ Verdicts should be directed or judgment notwithstanding the verdict should be granted only if all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504; *Foster v. Cyrus & Co.*, 2 Ill.App.3d 274, 276 N.E.2d 38.) Applying the *Pedrick* rule to the instant situation, we believe that the defendant had sustained his burden of proof that the premises were not ready for occupancy. We believe that the issue was properly presented to the jury.

When the evidence on the issue of whether the premises were ready for occupancy is viewed in a light most favorable to the defendant, we are unable to say that the jury's verdict cannot stand.

■■ Plaintiffs' second contention was that the trial court erred in instructing the jury on the meaning of "not ready for occupancy" under the law. The trial court gave the following jury instruction on the meaning of "not ready for occupancy":

> "Under the law the premises were not ready for occupancy if you find that there existed on the premises, or upon areas provided by the landlord for ingress to and egress from the premises, such defects which the landlord failed or refused to remedy within a reasonable time so that the tenant could not take possession of the premises for the purpose of occupying the premises as medical offices."

Plaintiffs contend that the trial court erred in refusing to instruct the jury as follows:

> "Under the law the premises were not ready for occupancy if you find that there existed on the premises, or upon areas provided by the Landlord for ingress to and egress from the premises, such *grave and permanent* defects which the Landlord failed or refused to remedy within a reasonable time so that the Tenant could not take possession of the premises for the purpose of *preparing the premises for use* and occupancy by the defendant as medical offices."

Plaintiffs have not cited any cases which require that the defects be grave and permanent in order for the premises to be not ready for occupancy. The phrase "grave and permanent" defects was drawn from constructive eviction cases which are not applicable here.

Finally, the plaintiffs contend that the trial court erred in deleting the phrase "preparing the premises for use" from the jury instruction. The lease did not provide that the premises were to be fit for the purpose of preparing them for use as medical offices. The lease sets out in Article III that the tenant shall use and occupy the premises for the purpose of medical offices. We find that the trial court has not erred in giving this jury instruction.

For the reasons given, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.